THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* CHARLES FEATHERLY, Respondent.

To enable this court to review a judgment of General Term rendered upon a verdict directed by the court, subject to the opinion of the General Term, a special case must be made and settled under the direction of the General Term, containing a concise statement of the facts and questions of law arising thereon.   (Code Civ. Pro. § 1339.)

On appeal to this court from a judgment alone, only errors of law which have been raised by some exception can be reviewed; where the record contains no exception nothing is presented for review.

(Argued February 3, 1892; decided February 12, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made April 16, 1891, which set aside a verdict directed in favor of plaintiff, subject to opinion of said General Term, and directed judgment in favor of defendant.

The nature of the action and the facts, so far as material, are stated in the opinion, which is given in full:

"This action was brought to recover penalties for violating section six of the Game Laws. (Ch. 534 of the Laws of 1879) in using a floating battery or other prohibited device in shooting wild fowl in Great Sodus Bay. On a trial at Circuit before a jury the court directed a verdict for the plaintiff, subject to the opinion of the court at General Term. A case was made upon which the motion was heard and the General Term set aside the verdict for plaintiff and directed judgment for the defendant. From this judgment the plaintiff has appealed, upon a certificate of that court that the record contains questions of law that should be reviewed by this court. The question that was involved in the case, as appears from the opinion of the court below, was whether Great Sodus Bay was a part of Lake Ontario, and, therefore, expressly excepted from the prohibitions of the statute. The record is not in a condition to enable us to review this or any other question. It is provided by section 1339 of the Code that in order to enable a party to review in this court a judgment upon a verdict directed by the court, subject to the opinion of the General Term, a special case for this court must be made and settled under the direction of the General Term, which shall contain a concise statement of the facts and questions of law arising thereon. The plaintiff has failed to comply with this provision of the Code and there is no way in which we can ascertain what the facts are and what questions of law arise thereon. The only papers before us is the record upon which the General Term heard the motion and directed judgment for the defendant, and the opinion of the court below. This court cannot review the action of the court below on such a record, and even if we could, by consent of parties or otherwise, we are precluded from doing so in this case because the record does not contain a single exception. On appeal to this court from a judgment alone

only errors of law which have been raised by some exception can be reviewed. The appeal should, therefore, be dismissed with costs."

*Howard H. Widener* and *Fred. C. Hanford* for appellant.

*John Gillette* for respondent.

O'BRIEN, J., reads for dismissal of appeal.
All concur.
Appeal dismissed. .  _____