SOUTH BAY COMPANY, Respondent, *v.* WILLIAM J. HOWEY,
Appellant.

1. APPEAL — PREPARATION OF CASE.  Where, after a verdict, a motion
is made pursuant to and upon the grounds stated in section 999 of the
Code of Civil Procedure to set it aside, which motion is entertained and
subsequently granted, an appeal to the Court of Appeals from a judg-
ment entered upon the verdict pursuant to an order of the Appellate
Division reversing the order setting aside the verdict, should not be dis-
missed for failure to prepare and settle a case as required by section 1339
of the Code of Civil Procedure when a verdict is rendered subject to the
opinion of the Appellate Division, but the appeal may be heard upon a
case prepared and settled in the usual manner.

2. CORPORATIONS — ACTION BY FOREIGN CORPORATION CANNOT BE
MAINTAINED WHERE CERTIFICATE REQUIRED BY SECTION 15 OF GEN-
ERAL CORPORATION LAW HAD NOT BEEN OBTAINED.  Under section 15
of the General Corporation Law (L. 1892, ch. 687, amd. L. 1901, ch. 538,
§ 1), providing that "no foreign stock corporation other than a moneyed
corporation shall do business in this state without having first procured
* * * a certificate that it has complied with all the requirements of

law  *  *  *," and that "no foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state, unless prior to the making of such contract it shall have procured such certificate," an action by a foreign stock corporation engaged in the business of manufacturing within the state, to recover upon a policy of fire insurance executed within the state, for a loss occasioned by the destruction of its property within the state by fire, cannot be maintained, unless prior to the making of the contract of insurance it had procured the required certificate.

*South Bay Co.* v. *Howey,* 113 App. Div. 382, reversed.

(Submitted October 22, 1907; decided December 17, 1907.)

APPEAL from a judgment entered May 24, 1906, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and directed judgment upon such verdict.

The plaintiff is a foreign corporation. It was incorporated pursuant to the laws of the state of New Jersey. The complaint in substance alleges that the defendant and other persons therein named on the 21st day of August, 1902, made and delivered to the plaintiff a policy of insurance under the name and style of Underwriters at the New York Fire Lloyds, by which they agreed, each firm and individual acting separately and for stated amounts aggregating fifteen hundred dollars, to indemnify the plaintiff for one year against all loss or damage by fire to " the frame structures, additions and extensions, and all apparatus and appurtenances thereto, including railings, trestles, bridge-refrigerators, plumbing, signs, awnings, safes, shafting, scales, trucks, retorts, vats, buckets, hose, pipes, piping, hoisting apparatus, tracks, fuel, engines, boilers and all their parts, in place or not in place, and tools, implements, machinery of every description, and all other apparatus and appurtenances belonging to their business as manufacturers of and dealers in fish fertilizer, all situated on Fire Island Beach about one mile west from Point Woods, New York." That on or about the 19th day of May, 1903, a fire occurred whereby the property insured was burned, occasioning a loss to the plaintiff aggregating at least fifteen hundred dollars. That the plaintiff has performed

all of the conditions of said policy on its part and that it has demanded payment of said loss, but that the same has not been paid.   That the policy of insurance provided that when the plaintiff is entitled to bring a suit it shall in the first instance bring it against the defendant to recover the *pro rata* share of the loss for which the defendant is individually liable under said policy.   It demands judgment against the defendant for one hundred dollars.   It is further provided in the policy of insurance that if a suit is brought thereon it shall be brought in the Supreme Court in the county of New York, state of New York.   The answer of the defendant alleges, among other things, that the plaintiff had not procured from the secretary of state of the state of New York a certificate that it had complied with all the requirements of law to authorize it to do business in this state.   It also alleges that the plaintiff has failed to pay to the state treasurer of the state of New York the license tax as provided by the laws of the state of New York.   The issues joined in the action came on for trial at a Trial Term of the Supreme Court, and a jury was impaneled and sworn.   The defendant thereupon moved to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and particular attention was called to the failure of the plaintiff to allege that it had obtained a certificate pursuant to section 15 of the General Corporation Law.   The plaintiff's counsel, in response to a suggestion of the court that he state its claim in answer to the defendant's motion, said that the stipulation in the policy which provided that an action if brought should be brought in the Supreme Court in the county of New York and state of New York was a waiver of any right on the part of the defendant to claim that the plaintiff was not entitled to maintain this action.   The court so held and the motion was denied and the defendant excepted.   The trial then proceeded, and at the close of the plaintiff's evidence, and at the close of the case, the defendant's counsel renewed his motion to dismiss the complaint, which motion was denied and the defendant excepted.   The defendant's counsel then requested the

court to direct that the exception be heard in the first instance
at the Appellate Division. The motion was denied by the
court. Plaintiff's counsel then moved that the court direct a
verdict in its favor, and the verdict was so directed and ren-
dered. Thereupon the defendant's counsel moved to set aside
the verdict upon the grounds as already stated in his motion
to dismiss the complaint, and, further, upon all of the grounds
set forth in section 999 of the Code of Civil Procedure.
The court after further consideration granted the motion,
and an order was entered setting aside said verdict. An
appeal was taken from said order to the Appellate Division.
A case and exceptions was thereupon made and settled, and
upon the pleadings, the case and exceptions and the order set-
ting aside the verdict the appeal was heard in the Appellate
Division, and the order so appealed from was reversed, and
the motion to set aside the verdict was denied, and judgment
was entered upon the verdict accordingly. From that
judgment the appeal is taken to this court.

Further facts appear in the opinion.

*Mortimer M. Menken* for appellant. The motion made at
the opening of the case to dismiss the complaint upon the
ground that it appeared upon the face thereof that it did not
state facts sufficient to constitute a cause of action should
have been granted. (L. 1901, ch. 538; *Welsbach Co.* v. *N. G.
& E. Co.*, 96 App. Div. 52; 180 N. Y. 533; *Jewell* v. *Wright*,
30 N. Y. 259; *Dickinson* v. *Edwards*, 77 N. Y. 573; *Thrall*
v. *Vil. of Cuba*, 88 App. Div. 410; *Curry* v. *City of Buffalo*,
135 N. Y. 366; *Olmstead* v. *Town of Pound Ridge*, 71 Hun,
25; *Arthur* v. *Vil. of Glens Falls*, 66 Hun, 136; *Porter* v.
*Kingsbury*, 5 Hun, 597; 71 N. Y. 588; *Pope* v. *T. H. C. &
Mfg. Co.*, 107 N. Y. 61.) The allegations of the complaint
and the evidence taken at the trial show conclusively that the
plaintiff was a foreign corporation doing business in this state
without having obtained the requisite permission and without
having paid the license fee as required by law. (L. 1895,
ch. 240, § 181; L. 1896, ch. 908; L. 1901, ch. 558.)

No waiver nor consent can confer jurisdiction upon the court where the statute forbids the court to assume it. (*People ex rel. Parke, Davis & Co.* v. *Roberts*, 91 Hun, 158; *People Formosa*, 131 N. Y. 478; *Dugger* v. *M. & T. Ins. Co.*, 28 L. R. A. 796; *Davidsburgh* v. *K. L. Ins. Co.*, 90 N. Y. 526; *Risley* v. *Phenix Bank*, 83 N. Y. 318; *Wheelock* v. *Lee*, 74 N. Y. 495; *Hoag* v. *Lamont*, 60 N. Y. 96.)

*John D. Lannon* for respondent. The Supreme Court in which the action was brought had jurisdiction of the action. (Code Civ..Pro. § 1779; *Parmele Co.* v. *Haas*, 171 N. Y. 579.) The defendant has waived his statutory defenses to the action and he had the power to do so. (*Parmele Co.* v. *Haas*, 171 N. Y. 579; *Rowell* v. *Janvrin*, 151 N. Y. 60.)

Chase, J. The respondent has not asked that this appeal be dismissed, or made any objection to its being heard in this court upon the merits. During the consultations among the members of the court it has been suggested that the appeal cannot be heard in this court without a case prepared and settled by or under the direction of the court below and annexed to the judgment roll " containing a concise statement of the facts, of the questions of law arising thereupon, and of the determination of those questions by the Appellate Division." Such a case must be prepared and settled and a certified copy thereof transmitted to the Court of Appeals instead of the case upon which the judgment of the court below was rendered when a verdict is rendered in the trial court subject to the opinion of the Appellate Division. (Code Civil Procedure, sec. 1339.) The only authority for directing a jury to render a verdict subject to the opinion of the court is found in section 1185 of the Code of Civil Procedure, which provides: "Where, upon the trial of an issue by a jury, the case presents only questions of law, the judge may direct the jury to render a verdict, subject to the opinion of the court." That section also provides: "Notwithstanding that such a verdict has been rendered, the judge holding the trial term may, at the same term, set aside the verdict, and direct judgment to

be entered for either party, with like effect and in like manner, as if such a direction had been given at the trial."

A motion for judgment upon a verdict subject to the opinion of the court may be made by either party, and must be heard and decided at a term of the Appellate Division of the Supreme Court. (Code Civil Procedure, sec. 1234.) In such a case the practice prescribed by said section 1339 must be followed or the appeal will be dismissed. (*People* v. *Featherly*, 131 N. Y. 597; *Cowenhoven* v. *Ball*, 118 N. Y. 231; *Jaycox* v. *Cameron*, 49 N. Y. 645.)

The verdict in this case was not rendered subject to the opinion of the court. Even the application to have the defendant's exceptions heard in the first instance in the Appellate Division of the Supreme Court, pursuant to section 1000 of the Code of Civil Procedure, was denied. After the verdict was rendered a motion was made pursuant to and upon the grounds stated in section 999 of the Code of Civil Procedure, which motion was entertained, and the decision thereof was subsequently announced by the trial judge in a formal opinion. By the express language of said section 999, it was necessary that the appeal taken from the order made upon the motion be heard upon a case prepared and settled in the usual manner. Such a case was prepared and settled in the usual manner. The appeal from the order setting aside the verdict was heard thereon. The appeal to this court is from the judgment entered upon the verdict pursuant to the order of the Appellate Division reversing the order setting aside the verdict and denying the motion to set the same aside. (Code Civil Procedure, sec. 1336.) The appeal should not be dismissed. The constitutional and statutory limitation of the jurisdiction of this court to the review of questions of law does not prevent this court from an examination of the record to ascertain whether the verdict rendered is contrary to law.

The statutes of this state prescribe in detail what must be done to organize a domestic corporation. They direct the filing of certain papers and the paying of certain taxes and fees. The articles of incorporation become a matter of public

record and the rights, duties and powers of the corporation thus formed, and the obligations of its officers and directors, are all defined by our statutes. There are also certain requirements of law which must be complied with before a foreign corporation is authorized to do business in this state. It is provided by section 15 of the General Corporation Law: "No foreign stock corporation other than a monied corporation, shall do business in this state without having first procured from the secretary of state a certificate that it has complied with all the requirements of law to authorize it to do business in this state, and that the business of the corporation to be carried on in this state is such as may be lawfully carried on by a corporation incorporated under the laws of this state for such or similar business, * * *." It is provided by section 16 of the General Corporation Law that "Before granting such certificate the secretary of state shall require every such foreign corporation to file in his office a sworn copy in the English language of its charter or certificate of incorporation, and a statement under its corporate seal, particularly setting forth the business or objects of the corporation which it is engaged in carrying on or which it proposes to carry on within the state, and a place within the state which is to be its principal place of business, and designating, in the manner prescribed in the Code of Civil Procedure, a person upon whom process against the corporation may be served within the state. * * *"

After a foreign corporation is authorized to do business within this state it is required to make an annual report the same as a domestic stock corporation (Stock Corporation Law, sec. 30), and it is subject to our laws and to service of process in this state. It is also provided by said section 15 of the General Corporation Law that "No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state unless prior to the making of such contract it shall have procured such certificate."

The plaintiff has not procured such certificate. If, there-

fore, it is a foreign stock corporation doing business in this state, and the contract of insurance is a contract made by it in this state, it cannot maintain this action.     It is not an answer to the position of the defendant to say that his defense is technical because if the plaintiff comes within the provisions of the statutes quoted the defense is interposed in accordance with the express policy of this state.     Foreign corporations doing business in this state should comply with the laws of this state.     As we have seen, it is alleged in the complaint that the plaintiff is engaged in the business of manufacturing and dealing in fish fertilizer in this state.     It appears further from the record that the plaintiff maintains but a nominal office in New Jersey at the house of its president.     Its *capital* is invested in its plant and manufacturing business at Fire Island Beach, in this state, and had been so invested for about a year prior to the making of the contract of insurance.     The business of the plaintiff other than that done at the factory is done in part at the office of the president of the corporation, in the city of New York, and in part at the office of the treasurer of the corporation, which is also in the city of New York.     The letter paper of the plaintiff bears the name " South Bay Company, Treasurer's Office, No. 138 Front Street, New York." That the plaintiff is a stock corporation is shown beyond controversy by the nature and character of its business.     The plaintiff could not have been organized to do the business in which it is engaged under either article of the Membership Corporations Law.     It is provided by section 30 of the Membership Corporations Law (L. 1895, chap. 559), that " A membership corporation may be created under this article (Art. 2) for any lawful purpose, except a purpose for which a corporation may be created under any other article of this chapter, or any other general law than this chapter."     The plaintiff could have been incorporated in this state as a stock corporation and it could not have been incorporated in this state for manufacturing purposes under the Membership Corporations Law.     It will be assumed that its incorporation in another state was for the purpose of exercising the rights and performing the work in

which it was engaged for pecuniary profit. It appears from the complaint and also from the record of the trial that the policy of insurance was headed " Home Office, New York City," and the attestation clause recites that it was subscribed "at the City of New York." There is nothing in the record to overcome the presumption that the contract of insurance was delivered in the city of New York.

The contract of insurance covered the real and personal property constituting the plant upon and with which the plaintiff prosecuted its ordinary business, and such contract of insurance was incidental to and a part of the plaintiff's doing business in this state.

As the plaintiff is doing business in this state it cannot " maintain any action in this state upon any contract made by it in this state unless prior to the making of such contract it shall have procured such certificate."

The judgment should be reversed and a new trial granted, with costs to abide the event.

O'Brien, J. (dissenting).   This court has no jurisdiction to hear this appeal upon the record now before us and the appeal should be dismissed.

The reasons for this conclusion I will now state in as brief a manner as possible.

The jurisdiction of this court is limited to questions of law arising upon settled facts or upon exceptions. Unless the facts are settled by the verdict of a jury or the findings of some court it is not within the province of this court to grope through the evidence and pick up a statement or a circumstance here and there and find the facts for itself like a court of original jurisdiction. If no facts have been found by the courts below or any conclusions of law stated, there is nothing for this court to examine. This court cannot pass upon the appeal in this case without resolving itself into a trial court for the determination of the facts. It must either take to itself the powers of a trial court or assume the functions of a jury, and that it is prohibited from doing.

This action was brought to recover upon a policy of insurance whereby the New York Lloyds insured the plaintiff's property to the extent of fifteen hundred dollars against destruction by fire. The defendant stands in the place of and represents the insurers. The pleadings in the case presented questions of fact and incidentally questions of law to be determined, none of which have yet been determined in such a manner as to authorize this court to review the case. The situation is this : The parties went to trial upon the pleadings before the court and a jury and a trial was had. At the close of the trial the learned judge directed a verdict in favor of the plaintiff for $116. There was no exception taken to this direction and no request to submit any question to the jury. Subsequently, on a motion for a new trial, he set aside the verdict so directed and directed a new trial; so that up to this point it is very plain that nothing had been determined. The parties were left in just the position that they were in before the trial commenced.

But the plaintiff appealed to the Appellate Division from the action of the learned trial judge in setting aside his own decision directing a verdict. That appeal was heard and the learned court below reversed the order of the learned trial judge setting aside the verdict which he had himself directed and denied the motion for a new trial ; thus leaving in force the original direction of a verdict for the plaintiff by the learned trial judge. It is very apparent, therefore, that not a single fact necessary to the decision of this case has yet been found, and as already stated, this court can only pass upon the case by groping through the record to find from the evidence what the real facts are. In other words, it can get at the facts only by assuming the functions of a trial court clothed with the power to determine the issues. It is necessary in order to decide the case to determine, in some conclusive way, either by a verdict or some specific finding, what the facts are.

There can be no doubt that it was of the first importance in this case to determine where the contract of insurance was

made and it was made at the place where delivered. There
is no proof whatever as to where it was delivered, whether
by mail or otherwise. The plaintiff's principal office was in
New Jersey and whether it was delivered at the principal
office or at some other office is a fact not found. But it is
said that inasmuch as the policy is headed " Home Office,
New York City," and subscribed at the city of New York it
can be presumed that it was there delivered. Now, that is
a presumption that possibly might have some weight with a
jury or a trial court, but this court cannot say that it amounts
to a conclusive finding of fact, upon which this court can act.
The caption of a contract, whatever it may be, or the date or
the place where signed by one of the parties, does not prove,
by any means, conclusively the place where the contract was
made. The contract was not signed nor executed by the
plaintiff and it became operative only when delivered and the
place of the delivery is an important question of fact in this
case and this court is not clothed with the functions of
determining the fact from evidence.

So it was also an important question of fact in this case
to determine whether the plaintiff was a stock corporation or
something else; but it is said that it appearing from the evi-
dence that it was engaged in the business of manufacturing
fertilizers, that that proof is equivalent to a conclusive find-
ing that it was a stock corporation. Not at all. A stock
corporation is defined by section three of the General Corpo-
ration Law as a corporation having a capital stock which is
authorized by law to distribute dividends upon surplus profits.
The mere fact that the company may have issued certificates
of stock does not prove that it was authorized by law to make
dividends. We have not the plaintiff's charter before us or
any of the certificates issued, and, hence, we can have no con-
clusive knowledge as to whether this is a stock corporation or
not. Here again it is proper to say that this circumstance
would be very proper for a jury or a trial court to consider
and might be held to be very persuasive in determining the
fact, but the difficulty is this court does not possess the powers

of a jury or of a trial court. So also it was an important fact to determine whether the plaintiff had ever procured the receipt required by the Tax Law. In other words, whether it had paid the tax or not. It could not pay the tax until it was assessed, and how do we know whether it ever was assessed. The defendant alleges that it was not paid, but there is no conclusive finding in the case that it ever was assessed or the time when it was assessed, or the amount of the tax, and the circumstance that the defendant alleges it in its answer does not prove it. These were all matters of fact which this court is seeking to determine for itself from the evidence.

The verdict directed against the defendant was for $116, and if it desires to resist its liability to pay that small sum upon technical defenses that have no relation to the merits then it ought to be required to pursue correct practice and not ask this court to become a court of original jurisdiction to read the evidence and find the facts.

It is very plain to my mind that the defendant has neglected to pursue the proper practice in order to obtain a hearing in this court. That practice is described very clearly in section 1339 of the Code. It is there enacted that where an appeal is brought to this court in a case like this, and has been perfected, a special case must be made by or under the direction of the Appellate Division. That special case must contain a concise statement of the facts and questions of law arising thereon and the determination of those questions by the Appellate Division. It was for the defendant to prepare that special case and have it settled before it could properly come here. This case, when settled by the court below, is to be annexed to the judgment roll, and when that is done this court has jurisdiction to hear the appeal, but not until then. Whatever may be the probative force of the evidence in the record with respect to the facts, whether conclusive or otherwise, makes no difference. We must take the facts and the questions of law decided, not from the evidence, but from the case which the Appellate Division is required to send here.

That is what this court has held in at least three unanimous decisions. (*People* v. *Featherly*, 131 N. Y. 597; *Cowenhoven* v. *Ball*, 118 N. Y. 231; *Jaycox* v. *Cameron*, 49 N. Y. 645; *Reinmiller* v. *Skidmore*, 59 N. Y. 661.) The learned trial judge did not make the direction subject to the opinion of the Appellate Division, but it was subject to a review by himself, and such review was had. It makes no difference whether the directed verdict was disturbed by the trial judge himself or by the Appellate Division. The clear purpose of the section was to enable this court to exercise its legitimate powers, namely, the decision of questions of law arising upon exceptions or upon settled facts, and to relieve this court from the necessity of reading the evidence in a record in order to find facts upon which to apply the law. I am, therefore, in favor of dismissing the appeal, with costs.

CULLEN, Ch. J., GRAY, VANN, WERNER and WILLARD BARTLETT, JJ., concur with CHASE, J.; O'BRIEN, J., reads dissenting opinion.

Judgment reversed, etc.