PORTLAND CO. v. HALL & GRANT CONST. CO. et al.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

1. CORPORATIONS—FOREIGN CORPORATIONS—PLEADING CAPACITY TO SUE—SUFFICIENCY OF COMPLAINT.

The complaint in an action by a foreign corporation on a contract made in this state, which fails to allege that plaintiff has obtained a license to do business within the state, as required by General Corporation Law, Laws 1892, p. 1805, c. 687, § 15, does not state a cause of action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 2646.]

2. SAME—PRESUMPTIONS.

Where it is alleged that plaintiff is a foreign corporation, there is a presumption that it is a foreign "stock" corporation, and thus within General Corporation Law, Laws 1892, p. 1805, c. 687, § 15, requiring such corporation to obtain a license before doing business in the state.

3. APPEAL—REARGUMENT.

A reargument will be granted by the Appellate Division when, subsequent to judgment, the Court of Appeals in another cause has taken a directly opposite view of the same question of law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3217.]

On motion for reargument. Granted.

For former report, see 106 N. Y. Supp. 649.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

PER CURIAM. The reason assigned for the reversal of this judgment was that, as it did not appear from the complaint that the plaintiff was a foreign stock corporation and as that fact was not set up in the answer, the defense that the plaintiff had not complied with section 15 of the general corporation law (chapter 687, p. 1805, Laws 1892) was not available. Since the decision in this case, the Court of Appeals in Wood & Selick v. Ball, 83 N. E. 21, decided December 17, 1907, has held that a complaint in an action brought by a foreign corporation to recover upon a contract made within this state, which fails to allege that the plaintiff has received a license to do business within this state under section 15 of the general corporation law, does not state a cause of action. In that case it appears from the statement of facts that it was proved upon the trial without objection that the plaintiff was a stock corporation. That fact, however, was not adverted to in the opinion; but it was stated that the case of Welsbach Co. v. Norwich Gas & Electric Co., 180 N. Y. 533, 72 N. E. 1152, held that in an action by a foreign corporation to recover upon a contract made within this state the complaint was demurrable if it failed

to allege compliance with section 15 of the general corporation law; that "such an allegation is essential in order to set forth a cause of action, and the objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by the failure to raise it by demurrer or answer."

In deciding this case we applied a rule, which we supposed was well settled, that, in order to support an objection to a cause of action sought to be maintained in violation of a statutory prohibition, the facts upon which that objection depended must appear in the pleadings. This general rule is instanced by the defense of usury, where the statute makes the contract actually void where excessive interest is paid or agreed to be paid for a loan of money; by the statute of limitations, which must be pleaded; and by the statute of frauds, by which contracts of certain classes are not enforceable unless in writing. In this class of cases we have understood that, unless the facts upon which the alleged invalidity of the contract was based were alleged in the pleadings, the defense was not available. It would seem that in applying this rule to an action prohibited by section 15 of the general corporation law we were in error; that where it is alleged that the plaintiff is a foreign corporation there is a presumption that it is a foreign stock corporation, and thus within the prohibition contained in section 15 of the general corporation law. The basis of this presumption would appear from the case of South Bay Co. v. Howey, 83 N. E. 26, also decided December 17, 1907, to be that, as a corporation organized under the laws of the state of New York could not have been organized to do the business in which the corporation in question was engaged under the membership corporation law (chapter 559, p. 329, Laws 1895), it must be presumed that no corporation not a stock corporation could be organized under the laws of any other state to do such business. The court in that case said:

"The plaintiff could have been incorporated in this state as a stock corporation, and it could not have been incorporated in this state for manufacturing purposes under the membership corporation law. It will be assumed that its incorporation in another state was for the purpose of exercising the rights and performing the work in which it was engaged for pecuniary profit," although membership corporations authorized to make contracts, such as mutual insurance companies, have been incorporated in this state.

In view of this final determination of the question by the Court of Appeals, and as by it the rule is established that "compliance with section 15 of the general corporation law should be alleged and proved by a foreign corporation, such as the plaintiff, in order to establish a cause of action in the courts of this state," and the cases holding otherwise should be regarded as overruled, and the conflict of authority ended (Wood & Selick v. Ball, supra), this court should of its own motion order a reargument in this case, so that it can be decided in compliance with the principle established by the Court of Appeals in the case above cited.

A reargument is therefore ordered.