PITTSBURGH PLATE GLASS CO. v. RAVITCH et al.

(Supreme Court, Appellate Term. March 5, 1908.)

CORPORATIONS—ACTIONS BY FOREIGN CORPORATIONS—COMPLIANCE WITH LAW.
General Corporation Law, Laws 1892, p. 1805, c. 687, § 15; provides that no foreign stock corporation, other than a moneyed corporation, shall do business in the state without procuring a certificate from the Secretary of State that it has complied with the law, etc., and no such corporation doing business in the state shall sue upon any contract made by it in the state unless, prior to its making, the certificate shall have been procured. *Held*, that an allegation of compliance with the law is a condition precedent to the right of such a corporation to sue on a contract made by it in the state, and where the allegation is denied it becomes an issue in the case, and on plaintiff's failure to prove it defendants are entitled to a dismissal, upon motion made at the close of plaintiff's case, and, though not specifically moved at the close of the whole case, they are entitled to a directed verdict, pursuant to motion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 2646.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Pittsburgh Plate Glass Company against David Ravitch and others. From a judgment for plaintiff, and an order denying defendants' motion for a new trial under Municipal Court Act, Laws 1902, p. 1563, c. 580, § 254, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Nicholas Aleinikoff, for appellants.
Phillips & Avery, for respondent.

MacLEAN, J. In this action to recover for performance pursuant to a written contract with the defendants, the plaintiff, among other things, alleged that it was a foreign corporation, and as such, "prior to the times hereinafter mentioned, duly obtained from the Secretary of the State of New York a certificate that plaintiff had complied with all the requirements of law to authorize it to do business in this state." This was denied. Such allegation is essential as a condition precedent (Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21) and, being denied, an issue in the case. The motion to dismiss for failure of proof therefor at the close of the plaintiff's case should have been granted, and, though not specifically moved at the close of the whole case, the defendants were entitled to the direction of a verdict pursuant to motion, the plaintiff failing to prove its compliance with section 15 of the general corporation law (Laws 1892, p. 1805, c. 687), which "should be alleged and proved by a foreign corporation such as the plaintiff, in order to establish a cause of action in the courts of this state" (Wood & Selick v. Ball, at page 225 of 190 N. Y., and page 23 of 83 N. E.); the record disclosing no admission thereof. The judgment should therefore be reversed, and the cause remanded.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.

GILDERSLEEVE, P. J., concurs.

BISCHOFF, J. (concurring). The motion for dismissal of the complaint, made upon the close of the plaintiff's case, for failure of proof of compliance with the provisions of section 15 of the general corporation law (Laws 1892, p. 1805, c. 687), should have been granted, and the error of its denial was curable only by proof of such compliance subsequently introduced by either party, of which there was none. Obviously, the mere statement of the plaintiff's counsel that counsel for the defendant had agreed to admit the fact of such compliance and to waive proof of it, made against the latter's insistence upon a ruling, did not have the effect of such proof or a waiver of it.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.