### G. & J. TIRE CO. v. VAN HOFF.

(Supreme Court, Appellate Term. June 30, 1908.)

CORPORATIONS—FOREIGN CORPORATIONS—DOING BUSINESS IN STATE—COMPLIANCE WITH STATUTE—PLEADING.

In an action by a foreign corporation to recover on a contract made in this state, plaintiff must allege and prove a compliance with General Corporation Law, Laws 1892, p. 1805, c. 687, § 15, providing that no foreign stock corporation, other than moneyed corporations, shall do business in

this state without having first procured from the Secretary of State a certificate authorizing it to do business in this state. · · ·

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the G. & J. Tire Company against Loring Van Hoff. From a judgment for plaintiff defendant appeals. Reversed and remanded.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Nathaniel Tonkin, for appellant.

PER CURIAM. This is an action brought by the plaintiff, a foreign corporation, to recover the sum of $70 for goods sold and delivered. The pleadings are verified. The complaint alleges that at all times hereinafter mentioned plaintiff was and still is a corporation, organized and existing under and by virtue of the laws of the state of New Jersey; that between August 27 and September 23, 1907, the plaintiff sold and delivered to the defendant goods, wares, and merchandise at his request, and at prices agreed upon, and for which he promised to pay the sum of $70, no part of which has been paid, although duly demanded; and there is now due plaintiff the sum of $70. The answer of the defendant denies knowledge or information sufficient to form a belief as to the plaintiff's incorporation, and denies each and every allegation of the complaint. For a separate defense and counterclaim the defendant alleges that between August 27 and September 23, 1907, the plaintiff and the defendant entered into an agreement whereby the plaintiff agreed to furnish certain rubber tires to the defendant in exchange for other rubber tires, which the defendant agreed to deliver to the plaintiff; that the defendant has in all respects complied with his agreement, but that the plaintiff has failed to do so, thus causing the defendant damages to the amount of $100, which the defendant counterclaims. At the end of plaintiff's case, the defendant rested, and moved to dismiss the complaint:

"First. On the ground that there has been no evidence to show that the plaintiff was a corporation.

"Second. That there has been no evidence to show that the plaintiff is a corporation, or that it has filed a certificate with the Secretary of State of the state of New York, permitting it to do business.

"Third. That there has been no evidence that there was any agreement between the plaintiff and the defendant, whereby the defendant purchased tires from the plaintiff and agreed to pay therefor."

The court denied the motion, to which the defendant's counsel duly excepted, and thereupon judgment was given for the plaintiff for the sum of $70, with costs.

The complaint alleges that plaintiff is a foreign corporation, organized under the laws of the state of New Jersey; but plaintiff fails to allege or prove that it has obtained from the Secretary of State of the state of New York a certificate, in compliance with section 15 of the general corporation law (Laws 1892, p. 1805, c. 687). The transaction in question took place in the city of New York. The failure of such allegation and proof was fatal to the plaintiff's case, and the complaint

should therefore have been dismissed, in accordance with the defendant's motion. Pittsburg Plate Glass Co. v. Ravitch et al., 58 Misc. Rep. 191, 108 N. Y. Supp. 1103; Portland Co. v. Hall & Grant Const. Co. et al., 123 App. Div. 495, 108 N. Y. Supp. 821; South Bay Co. v. Howey, 190 N. Y. 240, 83 N. E. 26.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.