(92 Misc. Rep. 204)

### WOODRIDGE HEIGHTS CONST. CO. v. GIPPERT et al.

(Supreme Court, Appellate Term, First Department.   November 3, 1915.)

1. CORPORATIONS ⬥642—FOREIGN CORPORATIONS—DOING BUSINESS.

   Where a foreign corporation entered into a contract with residents of the state for the sale on installments of land in the foreign state, and it was provided that the installments should be paid monthly at the corporation's office in the state of the forum, the corporation was doing business within the state, and could maintain no action, where it had not procured the certificate required by law.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. ⬥642.]

2. CORPORATIONS ⬥633—FOREIGN CORPORATIONS—STOCK CORPORATIONS.

   Testimony that a local office of a foreign corporation was maintained by the stockholders of the corporation sufficiently shows that it was a stock corporation, so that its failure to procure a license would preclude it from maintaining an action in the forum, where it was doing business in the state.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2503; Dec. Dig. ⬥633.]

3. CORPORATIONS ⬥633—FOREIGN CORPORATIONS—PRESUMPTIONS.

   A foreign corporation, doing business within the state, will be presumed to be a stock corporation if, under the laws of the forum, it could not have been organized to do the business in which it was engaged under the Membership Corporations Law (Consol. Laws, c. 35).

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2503; Dec. Dig. ⬥633.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Woodridge Heights Construction Company against Herman C. Gippert and another. From a judgment for plaintiff for $167, defendants appeal. Reversed, and complaint dismissed.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Abraham Grenthal, of New York City, for appellants.

John L. Bernstein, of New York City, for respondent.

PAGE, J. The plaintiff is a foreign corporation, existing under the laws of New Jersey. The complaint alleges that it has an office at No. 30 Church street, borough of Manhattan, city of New York. It is suing the defendants to recover payments due upon a contract for the sale of real property situated in the state of New Jersey. The testimony adduced on behalf of the plaintiff showed that the contract was made at an office maintained by the stockholders and directors of the plaintiff at 30 Church street, New York City, and the contract itself, which was placed in evidence by the plaintiff, provided that the deed for the property should be delivered to the vendee "at the office of the vendor, 30 Church street, New York City," and that all payments of installments of the purchase price should "be made in cash to the vendor at its office, 30 Church street, New York City." It was also shown that the plaintiff had made three other contracts in

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

New York City for the sale of its land. The defendant moved to dismiss the complaint, on the ground that the plaintiff was a foreign corporation doing business within this state, and had not procured the certificate required by section 15 of the Stock Corporation Law (Consol. Laws, c. 59). The court denied the motion, on the ground that it was not shown that the defendant was doing business within this state, within the meaning of the said statute.

[1] The learned trial justice relied upon evidence adduced by the plaintiff that the office at 30 Church street was not its office, but that of its directors personally, and that only a few contracts had been made by it in this state. While I think the evidence was sufficient to show that the office at 30 Church street was in fact, though not in name, an office of the plaintiff, it is not necessary that a foreign corporation maintain an office in this state in order to transact business here and to come within the prohibition of the statute. The fact that the plaintiff was transacting business within this state is undeniable, when the very contract in suit provided for payment of monthly installments of the purchase price at the office of the plaintiff at 30 Church street, New York City, during a period of nearly four years.

[2, 3] The respondent's contention that the failure of the defendant to plead and prove that plaintiff was a stock corporation was fatal to the defense is untenable. The plaintiff's first witness testified that the office at 30 Church street was maintained by stockholders of the plaintiff company, and we can presume that only stock corporations have stockholders. Furthermore, it has been held that a foreign business corporation doing business within this state will be presumed to be a stock corporation, if under the laws of this state it could not have been organized to do the business in which the corporation in question was engaged under the Membership Corporations Law. Portland Co. v. Hall & Grant Const. Co., 123 App. Div. 495, 108 N. Y. Supp. 821; South Bay Co. v. Howey, 190 N. Y. 240, 83 N. E. 26.

The judgment appealed from should be reversed, with $30 costs, and the complaint dismissed, with costs. All concur.