GEORGE D. STEVENS, Plaintiff, *v.* SAMUEL SILVERMAN, Doing Business under the Name of the KINGS FLOUR COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, December 5, 1935.

382

*Lesser Brothers* [*Harold J. Robbins* of counsel], for the plaintiff.

*Goetz & Midler* for the defendant.

EDER, J.  Plaintiff is the assignee of the Commander Milling Company, a foreign corporation, with a main office in Minneapolis, Minn.  Defendant placed with plaintiff's assignor an order for 420 barrels of flour.  This order was signed in New York city; it is in writing and is styled " Seller's Contract " and is signed " Kings Flour Company, by B. Silverman," and " Commander Milling Company, Seller, by George D. Stevens, Salesman."  This contract is a printed form and is apparently a uniform or standard contract used in this industry.  Paragraph 7 provides: " Seller's salesman has no authority to bind seller by representation, contract or otherwise, and his signature hereto is for identification purposes only in connection with seller's records.  * * *  This contract shall not bind seller until seller has mailed, or placed in course of transmission by telegram, direct to buyer, to within or known address, its acceptance or confirmation hereof from its office.  * * * Seller's ' office,' as used herein, shall mean its main office at Minneapolis, Minn., or any of its branch offices at Kansas City, Mo., Buffalo, N. Y., Sherman, Texas, and any other offices it may have, and buyer may communicate with any of said offices hereunder."

It is quite apparent from its own unqualified declaration that it is doing business in this State at Buffalo, N. Y., where it maintains an office for the regular transaction of business, where orders taken by its salesmen may be accepted as contracts and where the buyer may communicate for all purposes.

Under the provisions of section 218 of the General Corporation Law, a foreign corporation, other than a moneyed corporation, doing business in this State, may not maintain any action in this State upon any contract made by it in this State, unless before the making of such contract it shall have obtained a certificate of authority to do business here.  The said numbered section also declares: " This prohibition shall also apply to any successor in title of such foreign corporation and to any person claiming under such successor of such foreign corporation or under either of them."

The defendant seeks the examination before trial to establish that plaintiff's assignor is doing business in this State without having obtained the statutory authority to do so; that the assignment to the plaintiff is fictitious and that in truth the plaintiff's

assignor is the real party in interest and the real plaintiff herein and has never actually parted with title to the cause of action and that the assignment was made solely to prevent defendant from interposing a counterclaim against said assignor.

Section 288 of the Civil Practice Act, so far as here relevant, provides: " Any party to an action in a court of record may cause to be taken by deposition, before trial, his own testimony or that of any other party which is material and necessary in the prosecution or defense of the action. A party to such an action also may cause to be so taken the testimony, which is material and necessary, of the original owner of a claim which constitutes, or from which arose, a cause of action acquired by the adverse party by * · * * transfer, assignment * * * and which is set forth in his pleading as a cause of action or counterclaim."

The power to order plaintiff's examination cannot be questioned. Whether such power exists as to a non-resident assignor who is not a party to the action is the problem.

It is first objected that as defendant seeks to examine plaintiff's assignor " as an adverse party " defendant cannot do so, as Commander Milling Company is not a " party " to this action; that " adverse party " means a party defendant to the action. (Civ. Prac. Act, § 191.) Error in terminology alone should not suffice to operate so as to defeat the ends of justice. If defendant's notice had referred to plaintiff's assignor as another party (as permitted by section 288 of the Civil Practice Act, " other party ") whose examination is material and necessary, instead of as an " adverse party," there would be no ground for contention. In the interests of justice the notice will be deemed amended in this respect and the objection will be overruled.

An examination may be allowed of persons although not parties to the action, where they are so related to the acts that their examination is essential to the facts the party must prove. (*Manufacturers Trust Co.* v. *American Nat. Fire Ins. Co.*, 232 App. Div. 536.)

While section 288 authorizes examination before trial of the original owner of an assigned claim forming a cause of action, it is limited to elements material and necessary. On the question of assignment, plaintiff has the affirmative and not the defendant and hence defendant is not entitled to examine the plaintiff before trial with respect thereto. (*Green* v. *Saisselin*, 216 App. Div. 113.) It must rely on cross-examination of plaintiff to disprove his evidence that he is a *bona fide* assignee, or by other proof.

Now, as to the power of this court to order an examination before trial of a non-resident assignor, who is not a party to the action. This, I am satisfied, is permissible if such non-resident is served

within the jurisdiction; otherwise, I am unable to see how the order of this court for such examination can operate extraterritorially. If made, such an order is incapable of enforcement and the ocurt will not indulge in a futile and meaningless gesture.

*Kram* v. *Jewish World Pub. Co.* (176 App. Div. 840), and others to like effect, is an indication that as to a non-resident party it is essential to jurisdiction to make such an order that the party sought to be examined be within the jurisdiction. While none of the cases appear to have passed upon this specific point, it seems clear that if such non-resident party is not within the jurisdiction the order cannot be made. In the *Kram Case (supra)* the non-resident was a party defendant and it was sought to examine books and records not within the jurisdiction. It was held this could not be ordered; it is true by parity of reasoning that if the party sought to be examined is not within the jurisdiction, and especially is not a party to the action, that no order can be made. In such a situation, the remedy provided by the statute is ample, viz., a commission to obtain the desired testimony. (*Kram Case, supra.*)

The motion is granted as to plaintiff to the extent he may be examined as to whether the plaintiff's assignor has been and is doing business in this State without having obtained the required certificate to do so. In so far as defendant seeks to examine plaintiff's non-resident assignor, the motion is denied. Defendant may protect himself by issuance of a commission to examine the non-resident assignor and obtain an order staying the trial until the return of the commission.

Motion disposed of as indicated.