BERNARD PEYTON, Individually and as Ancillary Executor of ANNE D. PEYTON, Deceased, Plaintiff, *v.* ROBERT E. COULSON et al., Individually and as Trustees under the Will of WILLIAM C. PEYTON, Deceased, Defendants.

Supreme Court, Special Term, New York County, September 15, 1947.

*Poletti, Diamond, Rabin, Freidin & Mackay* for plaintiff.

*Simpson, Thacher & Bartlett* for defendants.

LUMBARD, J. The plaintiff applies pursuant to section 288 of the Civil Practice Act for an order directing that the testimony of the executors of the last will and testament of William C. Peyton be taken before trial as witnesses in the action, and further directing the executors to produce books, papers and records in their custody pertinent to the items upon which the examination is sought.

The action is brought by the plaintiff, the son and sole heir at law of the testator, to impose a constructive trust in his favor upon a residuary legacy obtained by the individuals-defendants under the will of the plaintiff's father through their alleged fraudulent and inequitable conduct. The essence of the plaintiff's claim is that the legacy was bequeathed to the individuals-defendants upon a secret trust which has failed.

The four persons sought to be examined have plural legal personalities in the transactions out of which the suit arises. All are individuals, trustees and executors. In their capacity as individuals they claim to hold the legacy in their own right and the courts of the testator's domicile have so construed the will. These individuals are not natural objects of the testator's bounty. One of them drafted the testator's will and advised him as to the disposition of his estate.

The same persons now sought to be examined in their capacity as executors were directed by an earlier order to submit to an examination as parties. Upon that examination the party testifying refused to answer questions directed at knowledge he possessed in his capacity as executor on the ground that he was not a party in that capacity, the court having previously dismissed the complaint against the parties in their capacity as executors. Paralyzed by this legalistic objection the examination withered to a fruitless argument between counsel. Rulings on objections were sought and obtained at Special Term, Part II, where the court ruled that the witness must answer any questions which he could answer regardless of whether the information came to him personally or in a representative capacity, but held that under the terms of the order he was not required to produce papers in his possession as an executor.

Under existing New York practice a witness may not be examined before trial unless certain prescribed conditions (not present here) " or other special circumstances render it proper that his deposition should be taken." (Civ. Prac. Act, § 288.) What constitutes special circumstances is not precisely defined. It is left to the discretion of the court to determine whether special circumstances exist (*Chittenden* v. *San Domingo Improvement Co.,* 132 App. Div. 169, 172).

Obviously the statute was designed as a measure for perpetuating testimony in danger of loss rather than as a means for obtaining information (*Town of Hancock* v. *First National Bank,* 93 N. Y. 82, 86). Cognizant of the need for a more liberal procedure of examination before trial, later cases have construed the statute more broadly in order to afford litigants an effective means of obtaining disclosure and proof of material facts.

Thus it has been held that special circumstances exist where the witness is closely related to the acts which the party seeking the examination must prove (*Laruffa* v. *Astarita,* 264 App. Div. 785; *Farber* v. *DeBruin,* 253 App. Div. 909; *De Luca* v. *Kerwin,* 239 App. Div. 850). Examination is likewise allowed where the witness is hostile, unwilling or reluctant (*Favole* v. *Gallo,* 261 App. Div. 974).

Here the witnesses are not merely closely related to the acts which plaintiff must prove; they alone in their various legal garbs are the actors in the transactions upon which the suit is based. Moreover, as adversary parties in their other legal personalities, it is evident that they will be hostile, unwilling and reluctant. Under the extraordinary circumstances

shown here elemental justice calls for the fullest disclosure of all the facts and the production of all records bearing on the subject.

This case is an illustration of the need for revision of the antiquated New York law respecting examinations before trial. These litigants have been required to add three applications to an already congested motion calendar in order to obtain relief which would be available under the more efficient Federal Rules of Civil Procedure without an application to the court (Federal Rules of Civil Procedure, rules 26, 30, 45).

For more than a decade the Judicial Council has urged a comprehensive revision of examination before trial and discovery procedure to provide for an extended mutual examination of the parties instead of the outmoded, restricted and confusing practice which we now have. So far the Council's efforts have been fruitless. The following quotation from the Tenth Annual Report emphasizes the urgent need for a change (p. 46): "Examination before trial places at the disposal of the average litigant the most effective and important method yet devised of obtaining disclosure and proof of material facts. Therefore, the statewide confusion and differences in the interpretation of the presently existing statutes, urgently call for legislative action. The Judicial Council has been recommending changes on the subject since 1935. Surely, some correction of the presently confused and illogical practice in this field is desirable, if the public is to retain confidence in the reasonableness and efficacy of New York's system of civil justice." (Tenth Annual Report of N. Y. Judicial Council, 1944.)

The application is granted. Submit order.