Laura S. Koolery et al., Plaintiffs, *v.* William Lindemann, Jr., as Executor of William Lindemann, Deceased, Individually and Doing Business as Lindemann's Tavern, et al., Defendants.

Supreme Court, Special Term, Kings County, May 2, 1949.

*Nathan J. Stein* for plaintiff.

*George Kaminsky* for William Lindemann, Jr., defendant.

*Daniel Miner* for Bertha K. Reiner, individually and as executrix of Frederick Reiner, deceased, defendant.

Murphy, J. Plaintiff moves for an order directing that defendant Lindemann be examined by one Harry Possel, who is claimed to be one of defendant's employees or, in the alternative, that Harry Possel be examined as a witness upon the ground that " special circumstances " exist. Defendant strenuously opposes the granting of this application on either of the said grounds.

Defendant claims that the party sought to be examined is not one of his employees but " occasionally helps out ". There is no doubt but that he would be able to shed considerable light upon what actually took place on the occasion when plaintiff sustained personal injuries at defendant's place of business.

That portion of the prayer for relief which seeks to examine Harry Possel as an employee of defendant Lindemann must be denied. However, a different situation exists with reference to whether or not " special circumstances " exist which require the examination of Harry Possel as a witness. There has

been considerable controversy as to what constitutes " special circumstances ".

In *Favole* v. *Gallo* (261 App. Div. 974) the Appellate Division of this department held that an examination of a witness presumably hostile will be directed. In *Postel* v. *Kesselman* (65 N. Y. S. 2d 376, 377-378) Mr. Justice Nova, in directing an examination before trial, stated: " The courts have been liberal in their application of the doctrine of ' special circumstances,' leaving it to a ' wise judicial discretion, under the circumstances presented in a particular case '. Bartlett v. Sanford, 244 App. Div. 722, 278 N. Y. S. 578, 579. Probable reluctance or unwillingness of a witness to testify for a plaintiff because of his relationship with the opposing party has been deemed a sufficient showing of ' special circumstances ' which would warrant a court to grant an application to examine. [Citing cases.] "

In *Peyton* v. *Coulson* (190 Misc. 754, 756) Mr. Justice Lumbard said that " it has been held that special circumstances exist where the witness is closely related to the acts which the party seeking the examination must prove ".

Here it is apparent that Harry Possel, the witness sought to be examined, is still an occasional employee of the defendant and is familiar with what transpired on the night in question, having been present at the scene of the accident. The defendant in his own examination disclosed a complete lack of knowledge of the incident and placed Harry Possel at the scene of the accident. The court concludes that " special circumstances " exist at the present time warranting the examination of said Harry Possel as a witness.

Submit order fixing time and place for the examination.