Cohn and Van Voorhis, JJ.
(dissenting in part). We dissent from the reversal of the order granting plaintiff’s motion to examine before trial defendant’s witnesses Frant, Simon, Jr., and Messing, except that we concur with the majority of the court in excluding from the examination the subject matter of paragraph 14 of plaintiff’s order to show cause.
The only reason for preventing plaintiff from examining these persons appears to be that they are witnesses rather than parties to the action. Each of them *810 was active in transactions out of which the cause of action or defense arose, their hostility to plaintiff is unquestioned, and it is clear that plaintiff has been and will be unable to obtain material and necessary information from them without examining them before trial. The rule enunciated by this Department in Manufacturers Trust Co. v. American Nat. Fire Ins. Co. (232 App. Div. 536) should be applied. It was there stated: “ The persons whom plaintiff sought to examine, although not parties to the action, were so related to the acts which plaintiff must prove and the circumstances of their connection with the alleged wrongful conduct of defendants were such that we conclude that an examination ought to have been allowed.” To similar effect are the cases of Peyton v. Coulson (190 Misc. 754); Bloch v. Ballin (54 N. Y. S. 2d 205) ; Kotopoulos v. Kotopoulos (53 N. Y. S. 2d 932); and Stevens v. Silverman (157 Misc. 381). We think that special circumstances have been shown to exist justifying the taking of the deposition of each of these persons as a witness under section 288 of the Civil Practice Act.
Dore, J. P., Callahan and Shientag, JJ., concur in decision; Cohn and Van Voorhis, JJ., dissent in part and vote to eliminate only item 14, in opinion.
Order reversed, with $10 costs and disbursements to the appellant and the motion denied. No opinion. Settle order on notice.