George Tilzer, J.
This is a motion by defendants for an order: (1) striking out plaintiff’s amended complaint for alleged failure of plaintiff to produce for examination before trial one Emanuel Dannett, Esq., pursuant to an order of this court; or (2) in the alternative, granting an examination before trial of said person as a witness pursuant to section 288 of the Civil Practice Act, upon the ground that there exist special circumstances requiring that his testimony be taken.
Plaintiff opposes the motion upon the grounds: (1) That said Emanuel Dannett is not examinable under the order of this court relied upon by defendant since that order directs the examination only of certain named officers and employees and any other officer or employee of plaintiff, having knowledge *762 of the facts, then in its employ, whereas Dannett had not been an officer or employee of plaintiff since a time at least five years prior to the entry of said order; (2) no special circumstances exist for the taking of the testimony of Dannett as a witness, within the purview of section 288 of the Civil Practice Act; (3) defendants fail to show that his testimony is material or necessary.
It appears that plaintiff corporation, a manufacturer of shirts, brought this action against defendants, a large firm of accountants, as partners and individuals, to recover damages of approximately $650,000, that being the sum allegedly embezzled by an employee of plaintiff, during the period in which defendants acted as accountants for plaintiff. The amended complaint alleges, in substance, that defendants failed to discover and show the embezzlements in their reports to plaintiff, setting forth several causes of action upon which it predicates the alleged liability of defendants, including claims of breach of contract, breach of warranty, fraud and negligence.
On December 18, 1952, by an order of this court, defendants were granted an examination of plaintiff ‘ ‘ by Harry H. Liebovitz, its President, Ephraim J. Leibowitz, its Secretary, Abraham L. Liebovitz, its treasurer, and by such other officers and employees having requisite knowledge of the matters of examination.” It is conceded that pursuant to said order defendants have examined those officers specified, except Harry H. Liebovitz, who died before the examination was started, and one employee. Defendants by this motion seek to examine said Emanuel Dannett, who appears to have been an officer of plaintiff and of its parent organization during the period when the alleged claim against defendants arose, and who is claimed to have peculiar knowledge of the arrangements between plaintiff and defendants out of which this action has sprung.
As to Dannett’s relationship with the plaintiff, certain facts seem, in effect, to be conceded as follows: On March 26, 1947 he entered into a contract wherein and whereby he was employed as general manager and vice-president of Publix Shirt Corporation, concededly the parent organization of plaintiff, for a period of 10 years; at that time he also became an officer and employee of plaintiff; as such he apparently handled certain phases of plaintiff’s operations; a letter dated November 27, 1946, was sent to him as vice-president and general manager of Publix, by defendants, allegedly confirming their arrangements concerning accounting services for Publix and its subsidiary companies to be rendered as of December 31, 1946; in 1947 Dannett and Publix terminated their agreement of *763 employment by another writing which, among other things, permitted him to resume his law practice or go into other employment if he wished and provided that he was to receive from Publix annually, till April, 1956, the difference between the salary provided for in the 1946 contract and what he actually earned in any other employment; Dannett, upon his part, agreed to render to Publix, for that period, advisory services, when requested, to a limit of 10 hours per month; he left the employ of Publix on January 1, 1948; (plaintiff also states that he resigned as officer and employee of plaintiff at that time, which statement is not controverted by defendants); Dannett has rendered some services as an adviser to Publix since that time but he has been actively practicing law.
Defendants allege that on two occasions Dannett was asked by representatives of defendant to discuss this case with them but he has refused to do so. On December 28, 1955 defendant’s counsel, by letter, requested that plaintiff’s counsel produce. Dannett for examination pursuant to the order of December 18, 1952, but this was refused upon the ground he was not covered by said order.
Defendants now urge that the order in question covers Dan-nett since he was an officer and employee of plaintiff and its parent organization, Publix, during a part of the period covered by the amended complaint; that he, as part of his duties, negotiated with defendants concerning their accounting services for plaintiff and is the only one having knowledge of the facts in question. Under such circumstances, even as a former employee of plaintiff, he is subject to examination thereunder.
It is further claimed that if Dannett is not examinable under that order, then he is subject to examination as a witness pursuant to section 288 of the Civil Practice Act. In support of this contention defendants argue that the peculiar knowledge of Dannett with respect to this transaction, his relationship to Publix and plaintiff as officer and employee, during part of the period in question, his present advisory capacity with Publix and his unwillingness to discuss the case with defendants’ representatives or counsel indicate that he is a hostile witness which as a matter of law entitles defendants to the examination. It is further urged that the fact that he no longer is an employee of plaintiff does not affect the situation in view of his present continuing relationship with Publix, of which plaintiff is a subsidiary. Finally it is claimed that unless this examination is allowed, defendants will be prejudiced if forced to call Dan-nett as a witness on the trial without the benefit thereof.
*764 The motion is disposed of as follows: That branch which seeks to strike out the amended complaint for failure to produce Emanuel Dannett for examination pursuant to the order of this court dated December 18,1952, is denied. That order clearly was granted to permit the examination of plaintiff as an adverse party by its then officers and employees. The law is clear that a corporate party to an action may not be examined as an adverse party, by a former officer or employee (McGowan v. Eastman, 271 N. Y. 195, 198; Schwartz v. Brooklyn & Queens Tr. Corp., 260 App. Div. 947; Cocolicchio v. Emigrant Ind. Sav. Bank, 248 App. Div. 196). Defendants have failed to controvert plaintiff’s statements that said Emanuel Dannett resigned as an officer and employee of plaintiff about five years prior to the entry of the order upon which it claims the right to examine him, and that he has not been an officer and employee since. Under such circumstances he was not covered by the order and plaintiff was not required to produce him for examination thereunder.
However, the fact that Dannett is not now an officer or employee of plaintiff does not preclude defendants’ right to examine him as a witness pursuant to section 288 of the Civil Practice Act, upon a proper showing of the necessity therefor. In my opinion sufficient reasons have been shown to entitle defendants to that relief. In his past capacity as an officer and employee of plaintiff he was so closely identified with the alleged agreement upon which defendants predicate their affirmative defense and with the services rendered by defendants for plaintiff, out of which this action has arisen, as to make his testimony necessary and material for the purposes of the trial. While it cannot be said strictly that said witness is hostile, yet his past relationship to the plaintiff and his connection with the transaction upon which the action is based, together with his alleged refusal to discuss the case with defendants’ counsel, would justify an inference that he is likely to be an unwilling and reluctant witness. Upon such a showing it has been held that special circumstances have been shown which warrant the granting of an examination within the purview of section 288 of the Civil Practice Act (Heidell v. Murray Co., 255 App. Div. 792; Manufacturers Trust Co. v. American Nat. Fire Ins. Co., 232 App. Div. 536; Peyton v. Coulson, 190 Misc. 754, 756; Lesavoy Industries v. Providence Washington Ins. Co., 285 App. Div. 938; Fahey v. South Nassau Communities Hosp., 275 App. Div. 1056). Accordingly, that branch of the motion which, in the alternative, seeks an examination of Dannett as a witness is granted except that, with respect to items 6 and 7, the examina *765 tion is limited to the facts concerning Dannett’s supervision of the hooks, records and personnel of Publix so far as they relate to the plaintiff. The examination shall proceed at Special Term, Part II, of this court on April 3, 1956, at 10 a.m. Settle order.