TALBOT MILLS, INC., a Division of Massachusetts Mohair Plush Co., Inc., Plaintiff, v. SAM BENEZRA et al., Individually and as Copartners Doing Business as SUPER TOGS CO., et al., Defendants.

Supreme Court, Special Term, New York County, June 20, 1962.

*Herbert Bernstein* for defendants. *Frederick E. M. Ballon* for plaintiff.

JACOB MARKOWITZ, J. Defendants move for dismissal of the complaint alleging plaintiff's lack of legal capacity to maintain this action in this court. Plaintiff is a foreign corporation admittedly not qualified to do business in New York. Defendants allege plaintiff is engaged in business in New York and thus lacks capacity to sue under section 218 of the General Corporation Law. Plaintiff denies it is engaged in business in New York, for the purpose of requiring it to qualify under that section. It further alleges that as a foreign corporation, engaged in interstate commerce, it is not subject to the requirements of section 218, and that, in any event, defendant is estopped to raise this point.

Plaintiff is a manufacturer and processor of woolen goods with mills in Massachusetts. This suit is upon a contract,

between the parties, for the purchase of some goods by defendant. Previously, plaintiff sought to force defendant to go to arbitration over this dispute. However, for reasons not here pertinent, defendant was successful in its application, in this court, for a stay of such proceedings. Plaintiff claims that by this action defendants forced it to institute this action; that defendants did not raise any question of plaintiff's capacity to sue at that time, therefore defendants are estopped to do so now.

It is clear that defendants did not became aware of plaintiff's incapacity until service of the second amended complaint. Prior to that, it appeared that the action was brought by another corporate entity. Absent knowledge of the facts, at the time the prior motions were made, no estoppel can be raised against defendants. Indeed, it appears that the basis for the prior motion by defendants concerned their denial that they had entered into the contract in question with the party then named as plaintiff. It was only after that motion, and the service of the amended complaint, that it became evident that the plaintiff herein was suing and that it was a foreign corporation.

While plaintiff denies it is engaged in business in New York for the purposes of requiring it to qualify under section 218, many of its activities and contacts within New York are not denied. Plaintiff admittedly maintains an office, of disputed size, in New York. It admittedly has a bank account here, although the purpose thereof is disputed. It admittedly has a telephone here, and is listed in the telephone book. Plaintiff's order forms admittedly indicate only plaintiff's New York address, and recite, in distinctive red print at the bottom, "To insure immediate acceptance of this order, please sign and mail at once to Talbot Mills, Inc., 16 East 34th Street, New York 16, N. Y." The order further recites that it is payable in New York funds, and that the contract is to be "deemed made in and shall be governed by" New York law. Plaintiff's stationary clearly indicates that its main offices are in New York, and that its mills are in Massachusetts. Plaintiff's invoices indicate that they are payable in New York, at the 34th Street address. Plaintiff's hang tag, attached to garments made of plaintiff's product, also indicate that New York address. It is not denied that all of plaintiff's directors reside in or about New York City and that board of directors' meetings are held in New York City. Plaintiff's orders state that any disputes arising thereunder are to be referred to one of two trade organizations, both located in New York City. Plaintiff states that the office in New York is maintained solely to transmit orders to Massachusetts. However,

there is no denial of defendants' assertion, as evidenced by the order form, that orders are sent to plaintiff in New York, and there accepted.

As defendant contends, anyone of the above activities, standing alone, might be sufficient to warrant holding plaintiff engaged in business in New York for the purpose of requiring it to qualify. However where, as in the instant case, all these activities are engaged in, and where sales are continually made and accepted and paid for in New York by plaintiff itself, not by an independent sales agency (see *Bonnell* v. *Katz,* 23 Misc 2d 1028; *Lebanon Mills Co.* v. *Kuhn,* 145 Misc. 918), it is clear the plaintiff is so engaged for the purpose of requiring it to qualify (*Stevens* v. *Silverman,* 157 Misc. 381; *Woodridge Hgts. Constr. Co.* v. *Gippert,* 92 Misc. 204).

While plaintiff's shipment of finished products from its mills to customers in New York does constitute interstate commerce, the myriad of other activities engaged in by plaintiff within New York form a sufficient basis for requiring it to qualify. The intrastate activities of plaintiff require this qualification, and are not merely incident to the interstate activities. The motion is granted dismissing the complaint.