Cooney
v.
Winants.

COONEY *vs.* WINANTS.

Where a party covenants to find the materials, and to do all the carpenter's and joiner's work, painting and glazing of a house according to a specified plan and specifications, and to complete the work by a given day, in an action against a third person who has become surety for the performance of the contract, the plaintiff must set forth in the declaration so much of the plan and specifications as is necessary to show in what particulars the builder has departed from or omitted to perform his contract, and allege such particulars as a breach of the contract.

So also in such action the plaintiff must allege specially that he has sustained damage.

DEMURRER to declaration. The plaintiff declared on a covenant, whereby the defendant bound himself to the plaintiff to the amount of $600, as *security*, that one Matthew Howard should *in all things* fully perform a contract entered into by him with the plaintiff according to the true intent and meaning thereof. The contract with Howard is set forth in the declaration : it is stated that Howard agreed to furnish the materials at his own proper cost, and in a good and workmanlike manner do all the carpenter's and joiner's work of a house to be built for the plaintiff, *according to a plan and specifications* made thereof by William H. Rector, architect ; to do all the painting and glazing, and to find materials *according to the specifications* aforesaid ; and that the work should be completed by the 15th April, 1835. The plaintiff then avers that the defendant has not performed his covenant, because Howard did not *in all things* perform his contract made with the plaintiff; that he did not furnish *all* the materials at his own proper cost ; nor in a good and workmanlike manner do *all* the carpenter's and joiner's work *according to the plan and specifications thereof made by William H. Rector, architect ;* that he did not do the painting and glazing nor find materials for the same *according to the specifications aforesaid ;* and that he did not complete the work by the 15th April—and so the defendant (Winants) became liable to pay to the plaintiff the said sum of $600 when he should be thereto requested, whereby an

action hath accrued to the plaintiff; but the defendant hath refused to pay the same or any part thereof, and hath not kept his covenant, and to keep the same still refuses, to the damage of the plaintiff of $1000, and therefore he brings suit, &c. To this declaration the defendant *demurred*, and assigned for special causes that *the plan and specifications* referred to in the contract of Howard were not set forth in the declaration; that the dimensions of the house were not given, the quantity and order of the carpenter's work not stated, nor a specification made of the painting and glazing to be done. The plaintiff joined in demurrer.

*S. Stevens*, for the defendant.

*J. Van Buren*, for the plaintiff.

*By the Court*, BRONSON, J. The defendant covenanted that Howard should perform his agreement. In declaring against the surety, it was necessary to set out the contract of the principal and show a breach on his part, in the same form substantially as would be requisite in an action against Howard.

The declaration is, I think, defective. It neither states what were the plan and specifications of the architect for building the house, nor in what particular or to what extent they were departed from by the builder. The declaration is also uncertain in other respects, and the defendant cannot know what he will be called upon to answer on the trial. The breach is, that Howard did not in *all* things perform his contract. What did he omit? Was it a board, plank, joist—the driving of a nail or the turning of a screw? Again: Howard did not furnish all the materials at his own proper costs according to the plan and specifications. Does this mean that he omitted some article of the value of a shilling —or if every thing was furnished, does it mean that it was not at his own proper cost; or if at his cost, that it was not according to the plan and specifications? Howard did not do in a good and workmanlike manner all the carpenter and joiner's work according to the plan and specifications. This may mean any one of three things—either that some

NEW-YORK, May, 1838.

Cooney v. Winants.

part of the work, of more or less importance, was not done at all—that it was not done in a good and workmanlike manner, or was not done according to the plan and specifications of the architect. And besides, it does not follow from the breach alleged, that the plaintiff has sustained any damage. If the work was executed in a better and more expensive manner than the contract required, it would still be true that it was not done according to the plan and specifications. Howard did not do the painting and glazing according to the specifications. Which was omitted, the painting or the glazing, or was he deficient in both? Or if the work was done, how did it vary from the specifications? Was it done in a better or a worse manner than the contract required? Howard did not find materials for the painting and glazing according to the specifications. Did he neglect to find materials both for painting and glazing, or for only one, and which of them? If he found materials, in what did they differ from the specifications? Has the plaintiff sustained any damage; or does he mean to complain that Howard used white lead instead of Spanish white for the painting, or crown instead of cylinder glass for the glazing? As to the time of performance, the breach impliedly admits that the whole work was done; and the plaintiff only complains that it was not completed by the day specified in the contract. He should, I think, have alleged how much delay there was—whether a year, a month or a day. The declaration does not advise the defendant with sufficient certainty of what he is required to answer, nor what evidence he must expect to meet on the trial.

It may not be necessary to set the whole plan and specifications of the architect in the declaration; but enough should be stated to show in what particulars the builder departed from, or omitted to perform his contract. If the size or elevation of the building was less than that contemplated by the plan, there can be no difficulty in stating the fact. If all the materials mentioned in the specifications were not furnished, the deficiency can easily be pointed out; or if the complaint be that the materials were not of the proper kind or description, that fact can be stated. If all

of the carpenter's and joiner's work mentioned in the specifications was not done, the declaration should state what part was omitted; or if the complaint be that the work, though done, was not executed in a proper manner, that fact should be plainly alleged. And so in relation to other parts of the declaration, the plaintiff should specify the particular grounds on which he claims to recover damages.

Judgment for the defendant.