was not expressly included in the demise, but incidental to the proper use of the demised loft, in a condition fit for use, had the like effect. Other cases illustrative of appurtenances may be cited, but the above appear to us to be sufficient. It follows that, if the defendant could not be heard to complain had the plaintiff entirely abandoned his restaurant, he could not be so heard because the restaurant had deteriorated. If he wanted board at such restaurant, he should have contracted therefor, as a part of his lease, in which event it might have been claimed with force that the contract was an entire one, the supply of adequate board a constituent part thereof, and the lessor's failure to supply such board a breach of the contract which absolved the defendant from further performance on his part. It is futile to consider whether, or not, the testimony admitted to show the plaintiff's alleged refusal to supply proper "heat, light, and chamber service" was sufficient to justify the conclusion of the trial justice, since the record does not affirm that such conclusion was not wholly or in part based upon the incompetent and irrelevant evidence hereinbefore alluded to.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

---

(16 Misc. Rep. 357.)

RALLI et al. v. EQUITABLE MUTUAL FIRE INS. CORP. OF NEW YORK.

(Supreme Court, Appellate Term, First Department. March 23, 1896.)

COMPLAINT—SUFFICIENCY—RIGHT OF PLAINTIFF TO SUE.

    A complaint, after stating a cause of action in persons other than plaintiffs, on account of contracts of insurance, does not show any right of plaintiffs to sue thereon in their own names by the allegation that "plaintiffs, in respect to the policies * * * and to the receipt of said unearned premiums, are trustees of an express trust, each of the said insured, above mentioned, in the said policies, having authorized and requested the said plaintiffs to collect and receive from the said defendant all of the said unearned portions of the said surrendered policies,"—the allegation of trusteeship being merely a conclusion, and, moreover, an erroneous one, if based on the averment of agency to collect.

Appeal from city court of New York, general term.

Action by Pandia C. Ralli and others against the Equitable Mutual Fire Insurance Corporation of New York. From a judgment of the general term (35 N. Y. Supp. 1115, mem.) affirming a final judgment entered on an order overruling a demurrer to the complaint, interposed on the ground of insufficiency in substance, defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Alex. S. Bacon, for appellant.
Chas. Wehle, for respondents.

BISCHOFF, J. The complaint alleged a cause of action in various parties, other than the plaintiffs, against the defendant, upon certain contracts of insurance, and the only manner in which the plaintiffs were sought to be connected with the transaction was

through the allegation that "the said plaintiffs in respect to the policies above mentioned, and to the receipt of said unearned premiums, are trustees of an express trust, each of the said insured, above mentioned, in the said policies, having authorized and requested the said plaintiffs to collect and receive from the said defendant all of the said unearned portions of the said surrendered policies."

We are not advised by the record as to the grounds upon which the court below became satisfied with the sufficiency of this complaint, and, in our opinion, there can be no doubt that the pleading is fatally defective, if not, indeed, frivolous. Failing privity of contract or title in the plaintiffs to the demand in suit, the complaint did not state facts sufficient to constitute a cause of action. Bliss, Code Pl. § 234; Mosselman v. Caen, 1 Hun, 648; Davis v. Mayor, etc., 14 N. Y. 506; Weichsel v. Spear, 47 N. Y. Super. Ct. 223. And the argument that the objection should have been taken to the capacity to sue is unfounded. As natural persons, the plaintiffs of course had capacity to sue, in the absence of affirmative allegations to the contrary; and, if the demurrer had been placed upon the ground noted, it would have, of necessity, been overruled. Bank v. Donnell, 40 N. Y. 412; Insurance Co. v. Baldwin, 37 N. Y. 651.

The allegation of trusteeship was merely a conclusion of law, and not alone thus objectionable; moreover, an erroneous conclusion, from the attendant averment upon which it appears to have been based. The fact that a person is constituted a collection agent does not authorize him, as trustee of an express trust, to bring an action upon the claim to be collected, in his own name. Pom. Rem. & Rem. Rights, § 174, and cases cited. The plaintiffs were obviously not parties with whom the contracts in suit were made for the benefit of others, nor were they persons having title to the demand as the real parties in interest. Code Civ. Proc. § 449.

The judgments of the court below must be reversed, and the demurrer sustained, with costs to the appellant. All concur.