SAMPSON v. GRAND RAPIDS SCHOOL–FURNITURE CO.

(Supreme Court, Appellate Division, Third Department.   November 14, 1900.)

PLEADING—COMPLAINT—SUFFICIENCY—DEMURRER.
    A complaint alleged that the defendant and another composed a firm engaged in selling merchandise on commission for defendant; that on the dissolution of the firm, and at the time it ceased to do business for defendant, there was an unsettled account between the firm and defendant, and that certain money was due the firm from the defendant as commissions. *Held*, on demurrer for want of facts, that the complaint did not state a cause of action, since the latter allegation only stated a conclusion of law.
    Smith, J., dissenting.

Appeal from special term, Broome county.

Action by Earnest W. Sampson against the Grand Rapids School-Furniture Company. From a judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

Appeal from an interlocutory judgment overruling a demurrer to the complaint. The ground of the demurrer is that the complaint does not state facts sufficient to constitute a cause of action. The allegations of the complaint are substantially as follows: In or about the year 1897 the plaintiff and one Devereaux were co-partners, doing business as such, with an office in Binghamton, under the firm name of A. J. Devereaux & Co. The business in which the firm was engaged was that of selling school and office furniture, etc., upon a commission, for the defendant. The defendant is a foreign corporation, having an office for the transaction of its business in the city of New York. In or about the month of October, 1897, said firm ceased to do business, and was dissolved by mutual consent. "At the time of the dissolution of said firm, and at the time it ceased to do business and to sell goods on commission for the defendant, there was an unsettled account between the said firm and the defendant, and there was due and to become due from the defendant to the said firm of A. J. Devereaux & Co. the sum of about $850 as commissions upon the sale of goods by them for the defendant." Devereaux afterwards duly transferred his interest therein to one Wheeler, to whom the defendant paid the sum of $300. Wheeler has transferred all his interest in the balance to the plaintiff. There is now due the plaintiff thereon from the defendant the sum of $550.

Argued before PARKER, P. J., and KELLOGG, MERWIN, SMITH, and EDWARDS, JJ.

T. B. & L. M. Merchant, for appellant.
John P. Wheeler, for respondent.

MERWIN, J. From the allegations of the complaint it may be inferred that there was some arrangement between Devereaux & Co. and the defendant, under which the firm at some time was engaged in selling goods for the defendant on commission. It is not alleged what that arrangement was. A party seeking to recover on a contract must allege, as well as prove, what it was. Assuming that it may be inferred that the firm was working for the defendant at its request, the amount of work done, and the agreed price, if there was one, or the value, should be alleged. Proof of those facts would be essential to a recovery. They are not alleged. The allegation simply that the defendant is indebted to the firm or to the plaintiff in a certain amount is only the allegation of a conclusion of law. Nor does the characterization of the nature of the debt—that is, that it is for commissions on goods sold—help the matter. It is not a statement of the facts from which the conclusion is to be drawn that the defendant is indebted in the claimed amount for commissions. It is not a statement, as required by the Code, "of the facts constituting the cause of action." The demurrer is, I think, well taken.

Interlocutory judgment reversed, and demurrer sustained, with costs, with usual leave to plaintiff to amend on payment of costs. All concur, except SMITH, J., dissenting.