### NEALIS v. MARKS.

(Supreme Court, Appellate Term. December 21, 1905.)

1. LANDLORD AND TENANT—ACTIONS FOR RENT—PLEADING.

    Where the written lease, incorporated in a complaint for rent for the months of October and November, terminated on September 30th, and the complaint failed to allege that defendant held over after that date, or that he occupied the premises during the months for which rent was claimed, but merely stated that defendant was indebted to plaintiff for rent for the months specified and for telephone messages, a demurrer to the complaint for insufficiency should have been sustained.

    [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 908.]

2. PLEADING—CONCLUSIONS OF LAW.

    Averments that defendant is "indebted" to plaintiff for rent for certain months, and is "indebted" in a certain sum for telephone messages, are mere conclusions of law.

    [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 15.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by James J. Nealis, as receiver, etc., against Alfred C. Marks. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Edward A. Alexander, for appellant.
Peter Eagan, for respondent.

SCOTT, P. J. The defendant appeals from a judgment overruling his demurrer to the complaint for insufficiency. The action is for rent for the months of October and November, 1904, of an apartment in an apartment house. The complaint alleges the appointment of plaintiff as receiver in May, 1904, and that prior to that time the defendant had entered into a written lease of the apartment, which lease is attached to and made part of the complaint. The lease was for a term commencing on October 1, 1903, and ending on June 30, 1904. It was stipulated that the tenant might at his option continue to occupy the apartment at a reduced rental for the months of July, August, and September, 1904. There is no fact alleged showing that the defendant owed anything as rent for the months for which suit is brought. The written lease terminated on September 30, 1904. It is not alleged that defendant held over after that date, or that he occupied the premises during the months for which rent is claimed. The statement that defendant is indebted to plaintiff for rent for October and November is a mere legal conclusion, and not the statement of a fact. The same is true of the allegation that defendant is indebted in a certain sum for

telephone messages.   This is merely a conclusion of law, and not the averment of a fact.

It follows that the interlocutory judgment must be reversed, with costs, and the demurrer sustained, with costs, with leave to plaintiff to amend his complaint within 10 days upon payment of costs.   All concur.