### TATE v. AMERICAN WOOLEN CO.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

PLEADING—FORM OF ALLEGATIONS—CONCLUSIONS.

  An allegation of indebtedness for money had and received is merely a conclusion of law, and not a statement of fact on which a liability can be predicated.

  [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 12–15.]

Appeal from Special Term, New York County.

Action by William Tate against the American Woolen Company. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Daniel P. Hays, for appellant.
George M. Curtis, for respondent.

INGRAHAM, J.  The complaint alleges 25 separate causes of action.  As the allegations as to each cause of action are the same, except as to the amount and name of the persons from whom the defendant received the money which is sought to be recovered, it will only be necessary to discuss the first cause of action and the defendant's demurrer thereto.

For a first cause of action the complaint alleges that the defendant, a foreign corporation, in and about the month of July, 1904, was indebted to Terence J. McManus for money had and received by the defendant amounting to $1,000; that McManus assigned to the plaintiff a one-third interest in the money due him from the defendant, of which the defendant had notice, and that no part of said sum has been paid, though demanded.  The judgment demanded is for a sum of money aggregating one-third of the various claims alleged in these 25 causes of action to have been assigned to the plaintiff.  The demurrer is upon two grounds—first, that the complaint does not state facts sufficient to constitute a cause of action; and, second, that there is a defect of parties plaintiff or defendant, in that the said McManus was not joined as a party plaintiff or made a defendant.  There is no fact alleged upon which the alleged indebtedness of the defendant to McManus is based.  There is simply an allegation that the defendant was indebted to McManus for money had and received by the defendant from McManus, and the question is whether or not that allegation is a statement of a fact upon which a liability can be based.  An allegation of indebtedness is not an allegation of a fact, but of a conclusion of law, which is not admitted by a demurrer, and therefore is insufficient to sustain a cause of action.  The complaint must set up "a plain and concise statement of the facts constituting each cause of action."  Section 481, subd. 2, Code Civ. Proc.  A conclusion of law is not the statement of fact upon which a liability can be predicated.  There is no allegation of a promise of the defendant to pay any money to McManus, and there is no presumption that the payment of a sum of money implies a promise to repay, or imports an obligation to repay.  The allegation is simply an allegation of indebtedness, and, in the absence of a promise to repay, or facts from which such a promise can be inferred, no cause of action is alleged.  Sampson v. Grand Rapid School Co., 55 App. Div. 163, 66 N. Y. Supp. 815.

It follows that the judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend upon payment of costs in this court and in the court below.  All concur.