### SPARKS v. DUCAS.

**(Supreme Court, Appellate Division, First Department. January 24, 1908.)**

1. SALES—ACTION FOR PRICE OR VALUE—PLEADING—COMPLAINT.

The complaint in an action for goods sold and delivered must allege the agreed price or the value of the goods, since one or the other must be proved.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 995.]

2. MONEY LENT—PLEADING.

Money is presumed to be of its face value, and therefore only the amount advanced need be alleged in pleading.

3. PLEADING—ALLEGATIONS OF FACT—CONCLUSIONS OF LAW.

An allegation in a pleading that a certain sum remains due is an allegation of a conclusion of law only, and not of a fact.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 15.]

4. ACCOUNT STATED—ACTIONS—PLEADING—COMPLAINT.

Where a complaint fails to state a cause of action for goods sold and delivered, because it does not allege the agreed price or value of the goods, and it is not framed as a complaint on an account stated, allegations that an itemized account was furnished defendant, and that he made partial payments thereon, do not make it sufficient on demurrer.

Appeal from Trial Term, New York County.

Action by Christopher Sparks against Benjamin P. Ducas. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Jay C. Guggenheimer, for appellant.

Robert L. Cutting, for respondent.

HOUGHTON, J. The complaint alleges that the plaintiff's assignors furnished to defendant's wife and infant child certain necessary wearing apparel, and advanced to them moneys for certain necessary expenses. The complaint is framed in a twofold aspect; the one being that the defendant failed to provide for his wife and child such necessary wearing apparel and moneys, and the other that defendant authorized the furnishing of such apparel and the advancement of such moneys to them. It fails to state, however, the value of the apparel or the amount of money advanced. These are fatal defects, and the demurrer interposed by defendant on the ground that the complaint did not state facts sufficient to constitute a cause of action was improperly overruled.

In an action for goods sold and delivered the complaint must allege the agreed price or the value of the goods. Samson v. Grand Rapids School Furniture Co., 55 App. Div. 163, 66 N. Y. Supp. 815. In such an action the one or the other must be proved, and hence must be alleged. Money is presumed to be of its face value, and therefore only the amount advanced need be stated. An allegation that a certain sum remains due is an allegation of a conclusion of law only, and not of a fact. Tate v. American Woolen Co., 114 App. Div. 106, 99 N. Y. Supp. 678. The complaint was therefore open to the demurrer that it failed to state facts sufficient to constitute a cause of action.

It is urged that a least a cause of action is stated for a fur coat furnished to the child, and for which the defendant agreed to pay. Neither the agreed price nor the value of this article is alleged; and hence the allegation is open to the same criticism as the body of the complaint.

The allegation that an itemized account was furnished to defendant, and that he made partial payments thereon, does not cure the defect. The complaint is not framed upon an account stated, and the respondent by his brief expressly disclaims that such is his form of action.

The interlocutory judgment overruling the demurrer must be reversed, with costs, and the demurrer sustained with costs, with leave to the plaintiff to amend his complaint upon payment of the costs of this court and of the court below. All concur.