CHICAGO CRAYON CO. v. SLATTERY et al.

(Supreme Court, Special Term, Niagara County.  July 6, 1910.)

1. PRINCIPAL AND SURETY (§ 59.*)—LIABILITY—PLEADING.
    Sureties can be charged only when brought within the very terms of their contract.
    [Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 103, 103½ ; Dec. Dig. § 59.*]

2. ACCOUNT STATED (§ 7*)—EFFECT AS TO THIRD PERSONS.
    Under a bond to secure payment over of money, an account stated between the obligee and the principal debtor is a mere admission of the debtor as against the sureties, and suit will not lie against them on it alone.
    [Ed. Note.—For other cases, see Account Stated, Dec. Dig. § 7.*]

3. PRINCIPAL AND SURETY (§ 155*)—LIABILITY—PLEADING—SUFFICIENCY.
    A complaint on a bond securing a contract need not assign the specific breaches relied on, but breach of the contract generally must be alleged.
    [Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 422; Dec. Dig. § 155.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. PLEADING (§§ 193, 367*)—INDEFINITE ALLEGATIONS—REMEDY.
    The remedy against too general or indefinite allegations of a complaint is by motion, and not by demurrer.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 428–443, 1173–1193; Dec. Dig. §§ 193, 367.*]

5. PLEADING ( 18*)—INFERENTIAL ALLEGATIONS—SUFFICIENCY.
    Inferential allegations in a complaint are sufficient if their intendment is clear.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 39; Dec. Dig. § 18.*]

6. PLEADING (§ 8*)—CONCLUSIONS OF LAW—EXISTENCE OF DEBT.
    An allegation that certain sums are "due and owing" is a conclusion of law, and not a statement of fact upon which liability can be based.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 15; Dec. Dig. § 8.*]

7. CORPORATIONS (§ 672*)—FOREIGN CORPORATIONS—SUITS BY—PLEADING—REQUISITES.
    A complaint showing that plaintiff is a foreign stock corporation doing business in the state, and that the suit is on a contract made in the state, must also allege compliance with General Corporation Law (Consol. Laws, c. 23) § 15, prohibiting suits on such contracts unless the corporation has previously procured a certificate from the Secretary of State.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2646, 2647; Dec. Dig. § 672.*]

8. CORPORATIONS (§ 673*)—FOREIGN CORPORATIONS—PRESUMPTIONS.
    When it appears that a foreign corporation could have been incorporated as a domestic stock corporation for business purposes, and could not have been incorporated for such purposes under the membership corporation law, it will be presumed that it is a foreign stock corporation.

    [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 673.*]

9. CORPORATIONS (§ 673*)—FOREIGN CORPORATIONS—TRANSACTION OF BUSINESS—"DOING BUSINESS WITHIN THE STATE."
    A complaint by a foreign business corporation showing a contract made within the state for the employment by it of a district manager for a specified state "or other territory" warrants an inference of the doing of business within the state within General Corporation Law (Consol. Laws, c. 23) § 15, prohibiting suits by foreign stock corporations on contracts made in the state before procuring a certificate from the Secretary of State.

    [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 673.*

    For other definitions, see Words and Phrases, vol. 3, pp. 2155–2160; vol. 8, pp. 7640, 7641.]

10. CORPORATIONS (§ 672*)—FOREIGN CORPORATIONS—PLEADING—PAYMENT OF LICENSE.
    Failure of a plaintiff foreign corporation to allege compliance with Tax Law (Consol. Laws, c. 60) § 181, requiring a license for such corporations doing business in the state, is not available by demurrer.

    [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 672.*]

Action by the Chicago Crayon Company against Cornelius Slattery and another. Defendant demurs to the complaint. Demurrer sustained, with leave to amend.

S. Wallace Dempsey, for plaintiff.
J. Frank Smith, for defendants.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

POUND, J. The complaint alleges: That plaintiff is a foreign corporation, organized under the laws of the state of Illinois. That on or about the 11th day of July, 1904, at Lockport, N. Y., Francis Slattery was appointed and agreed to act as district manager for plaintiff for the state of Michigan or other territory which might be mutually agreed upon, to conduct the business of selling and delivering portraits, etc., to the residents of the states of Michigan and Ohio or other territory for and on behalf of plaintiff, in accordance with a contract between Slattery and plaintiff, which is thereto annexed and marked 'Schedule A.' That then and there the defendants made and delivered to this plaintiff their bond under their hands and seals, and thereby bound themselves in the penal sum of $1,000 to this plaintiff, the condition of which bond was that, if the said Francis Slattery should faithfully perform the conditions imposed upon him by said contract, and should faithfully account to this plaintiff for all sums of money that should or might come into his possession by virtue of said contract, or into the control or possession of agents appointed or to be appointed by him or by plaintiff, with his approval and consent, for the conduct of said business, and should pay over such sums due to said plaintiff in accordance with the terms of said contract or on demand, and should make proper accounting for any and all advances of money that might be made to him, and should in all respects diligently and faithfully perform all of the conditions imposed upon him by said contract, then said bond should be void; otherwise it would remain in full force and effect. That thereafter said Francis Slattery entered upon the employment as district manager for plaintiff under and by virtue of said contract, and continued in such employment until on or about the 20th day of December, 1909. That on or about the 20th day of December, 1909, an account was stated between plaintiff and said Francis Slattery of all sums of money and of all merchandise that had come into the possession of the said Francis Slattery by virtue of said contract, or into the control or possession of the agents appointed by him or by this plaintiff, with his approval and consent, for the conduct of his said business, as district manager for this plaintiff as aforesaid, and of all the dealings of said Francis Slattery, as such district manager, under said contract and said bond with this plaintiff from the date of his said appointment as such district manager to the date of said accounting, and that the sum of $1,475, was found by said Francis Slattery and this plaintiff to be due and owing, and that there was and is due and owing from the said Francis Slattery to this plaintiff for and on account of the dealings of said Francis Slattery as such district manager with the plaintiff under said contract and said bond from the date of the appointment of the said Francis Slattery as such district manager to said date of said accounting said sum of $1,475. That then and there plaintiff demanded of said Francis Slattery that he pay over to plaintiff said sum, but he has failed to do so, of which this plaintiff has given due notice to the defendants, and thereupon demanded payment from them of the said sum of $1,000 according to the terms of said bond, but the same has not been paid, nor has any part thereof, but the full sum of $1,000

remains and is due and owing from the defendants to this plaintiff upon said bond, with interest thereon from the 20th day of December, 1909.

Defendants demur on the ground that the complaint does not state facts sufficient to constitute a cause of action, first, because it states as a cause of action against sureties on a bond under seal, an account stated between the principal debtor and the plaintiff only, and fails to state a cause of action on the bond; and, secondly, because it contains no allegation that plaintiff has obtained from the Secretary of State the certificate required of foreign corporations doing business in this state by section 15 of the general corporation law (Consol. Laws, c. 23), and paid the license tax on foreign corporations required by section 181 of the tax law (Consol. Laws, c. 60).

The complaint must contain a plain and concise statement of the facts constituting the cause of action. Code Civ. Proc. § 481. An action on an account stated, it seems, would not, under the general rule, lie, even against the principal debtor under a sealed instrument. It has been held in such cases that a greater security may not be merged into a less by an account stated, and that the action must be brought on the bond, and not on the account stated. Young v. Hill, 67 N. Y. 162, 174, 23 Am. Rep. 99. Sureties can be charged only where the complaint is brought within the very terms of their contract. An account stated between the obligee and the principal debtor is at most a mere admission of the principal debtor as against the sureties, and an action will not lie against them on the admission alone. The cases cited by plaintiff as to the admissibility of evidence of such admissions have no bearing on the rules of pleading. It follows that facts showing an account stated do not constitute a cause of action against these defendants. Nor does the complaint state a cause of action on the bond. Breach of the contract by the principal is nowhere alleged. "In declaring against the surety, it was necessary to set out the contract of the principal and show a breach on his part." Cooney v. Winants, 19 Wend. 504.

In the case of Keene v. Newark W. C. M. Co., 39 Misc. Rep. 6, 78 N. Y. Supp. 753, 81 App. Div. 48, 80 N. Y. Supp. 859, cited by plaintiff, the question was as to whether it appeared on the face of the complaint that the action was prematurely brought, but the complaint clearly alleges a specific breach of the condition to make good any deficiency of gold. It is no longer necessary for the plaintiff in its complaint to assign the specific breaches for which the action is brought, as the provision of the Revised Statutes requiring this is no longer in force, but this does not alter the rule that breach of the contract generally must be alleged. Bostwick v. Van Voorhis, 91 N. Y. 353. The remedy, if the allegations of the complaint are too general or indefinite, is by motion and not by demurrer (Marie v. Garrison, 83 N. Y. 14), and inferential allegations will suffice if their intendment is clear (Milliken v. W. U. T. Co., 110 N. Y. 403, 18 N. E. 251, 1 L. R. A. 281), but a mere allegation that certain sums are "due and owing" states a conclusion of law only, and is not a statement of fact, upon which liability can be predicated. Tooker v. Arnoux, 76 N. Y. 397; Sparks v. Ducas, 123 App. Div. 507, 108 N. Y. Supp. 546.

The remaining ground of demurrer also seems well founded. Plaintiff is a foreign corporation, and the contract sued upon was made in this state. Section 15 of the general corporation law (Consol. Laws, c. 23) provides that:

"No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state, unless prior to the making of such contract, it shall have procured a certificate from the Secretary of State."

When it appears upon the face of the complaint that the plaintiff is a foreign stock corporation, doing business in this state, and that it is suing upon a contract made by it in this state, it must also be alleged that plaintiff has complied with the provisions of the statute above quoted. Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21.

Plaintiff urges that it does not appear on the face of the complaint that it is a stock corporation, or that it is doing business in this state. When it appears that the foreign corporation is one which could have been incorporated in this state as a stock corporation for business purposes, and could not have been incorporated in this state for business purposes under the membership corporation law, it will be assumed that it is a foreign stock corporation. South Bay Co. v. Howey, 190 N. Y. 240, 83 N. E. 26; Portland Co. v. H. & G. Const. Co., 123 App. Div. 495, 108 N. Y. Supp. 821. And when it further appears from the contract itself, which is a part of the complaint herein, that the foreign corporation comes into this state and employs a "district manager" to take charge of its ordinary and usual business of selling portraits, without limitation as to territory, it is to be assumed, in the absence of allegations to the contrary, that the business of the agent for the principal is in part at least to be transacted here, and that the foreign corporation is "doing business" in New York. The complaint merely aids this presumption when it alleges that Slattery was "to act as district manager for the state of Michigan or other territory, * * * to conduct the business of selling * * * portraits to the residents of the states of Michigan, Ohio, or other territory."

It follows that those facts appear on the face of this complaint, or are to be inferred therefrom, which make it necessary to allege compliance with section 15 of the general corporation law above cited in order to state a cause of action. United Building Material Co. v. Odell, 123 N. Y. Supp. 313. Failure to allege compliance with section 181 of the tax law requiring a license for foreign corporations doing business in this state is not, however, available by demurrer. Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21. Demurrer sustained. but plaintiff may serve an amended complaint on payment of costs of the demurrer.