## McCARTHY et al. v. FITZGERALD.

(Supreme Court, Special Term, Schenectady County. April, 1912.)

1. SALES (§ 353*)—ACTION FOR PRICE—COMPLAINT.

A complaint, alleging that defendant was indebted to plaintiff in a specified sum on account of lumber sold and delivered to defendant at prices agreed upon, and for which he promised to pay, and that there was justly due and owing the plaintiff from defendant a specified sum, was insufficient, since it did not show that the lumber was sold by plaintiffs, or, if sold by another, that the claim had been assigned to plaintiffs, nor that defendant's promise to pay was made to plaintiffs, and a plaintiff must not only allege a cause of action in favor of some one, but must show that it exists in favor of himself.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 995–1004; Dec. Dig. § 353.*]

2. PLEADING (§ 214*)—DEMURRER—FACTS ADMITTED.

A demurrer admits the truth of all the facts alleged and such inferences as may reasonably and fairly be drawn therefrom, but does not admit conclusions of law.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

3. PLEADING (§ 350*)—MOTION—EFFECT OF MOTION.

A defendant, by moving for judgment on the pleadings, admits every material allegation of the complaint.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.*]

4. PLEADING (§ 8*)—FORM OF ALLEGATIONS—FACTS OR CONCLUSIONS.

An allegation of an indebtedness in favor of plaintiff, without stating any facts from which the inference or conclusion that defendant is so indebted may reasonably and fairly be drawn, is not an allegation of fact, but a conclusion of law, insufficient to sustain a cause of action.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

5. PLEADING (§ 350*)—MOTION FOR JUDGMENT ON THE PLEADINGS—AMENDMENT.

Where defendant moves for judgment on the pleadings, consisting of the complaint and a demurrer thereto, the court, in granting the motion, may permit plaintiff to plead over as if the cause had been brought on for hearing on the demurrer.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.*]

Action by Dennis McCarthy and another against James P. Fitzgerald. On motion of defendant for judgment on the pleadings, consisting of the complaint and a demurrer thereto, on the ground that the complaint is insufficient. Motion granted.

James S. Kiley, of Glens Falls, for plaintiffs.
Slade, Harrington & Goldsmith, of Saratoga Springs, for defendant.

WHITMYER, J. [1] The complaint alleges:

"That the defendant is indebted to the plaintiff in the sum of $1,609.78 on an account for goods, wares, and merchandise, consisting of lumber sold and delivered to the defendant at Saratoga, N. Y., on the 16th day of November,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1907, and on the 17th day of December, 1907, at his special instance and re-
quest, at prices agreed upon and for which the defendant promised to pay."

It also alleges:

"That said lumber so sold and delivered as aforesaid was reasonably worth
the said sum of $1,609.78, so charged therefor; that no part of said account
has been paid, except that there has been credited to said defendant to apply
on said account the sum of $1,457.36, and there is now justly due and owing
this plaintiff from said defendant the sum of $152.42, with interest thereon
since the 3d day of October, 1908."

The complaint does not state facts showing that the lumber was
sold and delivered by the plaintiffs to the defendant, or, if sold by
another, that the claim therefor has been assigned to plaintiffs, nor
does it state that defendant's promise to pay therefor was made to
plaintiffs. It does not show any connection between the parties, ex-
cept that it states that the defendant is indebted to the plaintiffs.

The complaint in an action must contain a plain and concise state-
ment of the facts constituting the cause of action. Code Civ. Proc.
§ 481, subd. 2. It is incumbent upon a plaintiff to allege sufficient
facts to show that he is concerned with the cause of action averred,
and is the party who has suffered injury by reason of the acts of
defendant. In other words, it is not enough that he alleges a cause
of action existing in favor of some one. He must show that it exists
in favor of himself. Cyc. vol. 31, p. 102; Weichsel v. Spear, 47 N.
Y. Super. Ct. 223, affirmed 90 N. Y. 651; Ralli v. Equit. Mut. Fire
Ins. Co., 16 Misc. Rep. 357, 38 N. Y. Supp. 87.

[2, 3] A demurrer admits the truth of all the facts alleged and such
inferences as may reasonably and fairly be drawn therefrom, but does
not admit conclusions of law. Baylies on Code Pleading and Prac-
tice, p. 340; Greeff v. Equitable Life Assurance Society, 160 N. Y.
19, 29, 54 N. E. 712, 46 L. R. A. 288, 73 Am. St. Rep. 659. And
a defendant, by moving for judgment on the pleadings, admits every
material allegation of the complaint. Clark v. Levy, 130 App. Div.
389, 114 N. Y. Supp. 891.

[4] The allegation here is one of indebtedness only, and no facts
are stated from which the inference or conclusion that defendant
is indebted to plaintiff may reasonably and fairly be drawn. An
allegation of indebtedness, however, is not an allegation or statement
of a fact, but of a conclusion of law, and is insufficient to sustain a
cause of action. Sampson v. Grand Rapids School Co., 55 App. Div.
163, 66 N. Y. Supp. 815; Tate v. American Woolen Co., 114 App.
Div. 106, 99 N. Y. Supp. 678; Nealis v. Marks (Sup.) 96 N. Y. Supp.
740.

[5] The court may permit plaintiff to plead over in the same way
as if the case had been brought on before it on the argument of the
demurrer. National Park Bank v. Billings, 144 App. Div. 536, 129
N. Y. Supp. 846.

The motion for judgment must therefore be granted, with $10 costs,
but with leave to plaintiff to serve an amended complaint within 10
days after service of the order to be entered herein, entry of judg-
ment in the meantime to be suspended.