(87 Misc. Rep. 150)

### MAYER, LANE & CO. v. CHARLES I. WEINSTEIN REALTY CO.

#### (City Court of New York, Trial Term.   October, 1914.)

1. ASSIGNMENTS (§ 50*) — EQUITABLE ASSIGNMENT — ORDER FOR PROCURING FUND.

An order, accepted by the drawee, to pay a sum of money due on a contract, the amount being deducted from the last payment, is not a negotiable instrument, but operates as an equitable assignment of money on the condition stated.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 99–105; Dec. Dig. § 50.*]

2. ASSIGNMENTS (§ 131*)—ORDER FOR PAYMENT OF MONEY—PLEADING.

In an action against a drawee, accepting an order for the payment of money due on a contract, amount to be deducted from the last payment thereon, the complaint is insufficient, where it fails to allege that the work under the contract was completed and that the money was due out of the last payment thereon.

[Ed. Note.—For other cases. see Assignments, Cent. Dig. §§ 220–226; Dec. Dig. § 131.*]

Action by Mayer, Lane & Co. against the Charles I. Weinstein Realty Company.  On motion for new trial.  Motion denied.

Charles M. Russell, of New York City, for plaintiff.
Maurice Hyman, of New York City, for defendant.

FINELITE, J.  Plaintiff and defendant are domestic corporations, each having a place for the transaction of business in the city of New York.  Plaintiff brings this action to recover the sum of $500 from the defendant on a draft, alleging that on the 2d day of December, 1913, the plaintiff was a creditor of Katz & Kanter, Incorporated, and in consideration of the forbearance by plaintiff in enforcing the payment of said sum the Charles I. Weinstein Realty Company agreed to pay the sum of $500 to the plaintiff.  On the trial hereof the plaintiff's complaint was dismissed.  A motion thereafter was made for a new trial, which motion was entertained by the court.

[1, 2]  The plaintiff alleges in his complaint, after alleging that it and the defendant are domestic corporations: That about the 2d day of December, 1913, Katz & Kanter, Incorporated, a domestic corporation, was duly indebted to the plaintiff in the sum of $500, and that said defendant herein is duly indebted to said Katz & Kanter, Incorporated, in the sum of $500.  That about the 2d day of December, 1913, the defendant herein and said Katz & Kanter, Incorporated, applied to the plaintiff for the sale and delivery of certain goods, wares, and merchandise, consisting of plumbers' materials, and also applied to the plaintiff herein for an extension of time to pay the said indebtedness to this plaintiff from said Katz & Kanter, Incorporated, and requested this plaintiff to make immediate delivery of the plumbing supplies to the work then being undertaken by this defendant, and said Katz & Kanter, Incorporated, in consideration of the delivery of said plumbing material to this defendant and to said Katz & Kanter, Incorporated, and of and for a forbearance to press said account against

Katz & Kanter, Incorporated, and for other good and valuable consideration said Katz & Kanter, Incorporated, did duly make a certain order in writing directed to this defendant and thereby ordered this defendant to pay immediately to this plaintiff the sum of $500. That thereafter the defendant accepted said draft and promised and agreed to pay the same.

Defendant for a separate and distinct defense states: That on the 16th day of June, 1913, Katz & Kanter, Incorporated, entered into an agreement with the defendant wherein and whereby said Katz & Kanter, Incorporated, agreed to perform certain work, labor, and services and furnish material, and the defendant agreed to pay therefor the sum of $9,600 in various installments and the balance upon the completion of the contract. That on or about the 2d day of December, 1913, an order was made by Katz & Kanter, Incorporated, on the defendant to pay the sum of $500, which was to be deducted out of the last installment to become due said Katz & Kanter, Incorporated, 60 days after the completion of said contract was presented to defendant, which the defendant accepted upon the express terms in said order contained, and that the said Katz & Kanter, Incorporated, failed to complete said contract, and did not complete the performance of said work, labor, and services, or furnish said material, all of which the plaintiff knew, and by reason thereof the said Katz & Kanter, Incorporated, was not entitled to the said last installment, nor was the plaintiff herein entitled to it. The draft in question reads as follows:

"Mayer, Lane & Co., N. Y., Dec. 2, 1913. Chas. I. Weinstein Realty Co., N. Y. City—Gentlemen: We hereby authorize you to pay Mayer, Lane & Co. the sum of five hundred dollars ($500.00) due us for work to be done on contract and deduct the same from our last payment on Fourteenth street job.

"Katz & Kanter.
"Philip Kanter.

"Witness: P. A. Harden.

"Accepted by Chas. I. Weinstein Realty Co., by Charles I. Weinstein, Pres."

From the reading of said paper it cannot be construed as a negotiable instrument, but it operates as an equitable assignment, limiting the liability of the defendant to a certain fund and contingent for payment out of the moneys of the fund becoming due as for work to be done on contract; and as the plaintiff failed to allege in his complaint the necessary allegations showing that it was contingent upon the payment out of a certain fund for work to be done under a certain contract, and that Katz & Kanter, Incorporated, had completed its work under said contract, and that this money was due out of the last payment thereof, and in failing to allege these facts, the plaintiff cannot now claim that it is a draft for the payment of certain moneys. Schmittler v. Simon, 101 N. Y. 554, 5 N. E. 452, 54 Am. Rep. 737; Brill v. Tuttle, 81 N. Y. 454, 37 Am. Rep. 515; Ehrichs v. De Mill, 75 N. Y. 370; Munger v. Shannon, 61 N. Y. 251; Alger v. Scott, 54 N. Y. 14; Parker v. Syracuse, 31 N. Y. 376.

In Ehrichs v. De Mill, supra, the order was similar to the one at bar and reads as follows:

"Mr. Richard De Mill: Please pay to F. Ehrichs $400, and charge the same to my account of grading and paving Lexington avenue, between Patchen and Broadway, as per contract.

"$400.                                           James P. Howard."

In this action to recover the $400 on said paper writing the court held:

"That this instrument was not a bill of exchange, in that it was payable out of a particular fund, and that it was only to be paid if the payments under the contract became due; the instrument not being negotiable and operating only as an equitable assignment of a claim which might or might not become due."

In Lienan v. Lincoln, 2 Duer, 670, the court said:

"The complaint is clearly bad. It does not contain a plain and concise statement of the facts constituting a cause of action. * * * A stranger to this transaction can learn nothing of its precise nature or character from the complaint. * * * The facts which, in judgment of law, create such an indebtedness or liability, should be stated in the complaint. In this complaint no facts are stated. It simply affirms a legal conclusion, without a statement of the facts on which it is founded."

In Gauld v. Lipman, 4 Misc. Rep. 79, 23 N. Y. Supp. 779, the plaintiff's assignor had also given two orders in the sum of $500 each upon the defendant in favor of the plaintiff, "payable when the eleventh payment becomes due and payable according to terms of builder's loan contract on premises on the northeast corner of Ninetieth street and Tenth avenue," on one order, and on the other order, "payable when last payment becomes due and payable" according to the terms of the said contract. The plaintiff in this case failed to prove or allege the terms of the contract, nor when or where or how the installments under these contracts became due. The court in reversing the former appeal in this case said:

"In such a case the party seeking recovery must abide by his contract. In the present instance defendants are liable to plaintiff upon their acceptances to pay when the installments under the building loan agreement have respectively matured. Until the maturity of the installment is shown, the contract of acceptance must be regarded as subsisting and open. Plaintiff could not in this action recover upon the acceptances, because of the rule which requires the recovery to be 'secundum allegata et probata.' Romeyn v. Sickles, 108 N. Y. 650 [15 N. E. 698]."

In Tate v. American Woolen Co., 114 App. Div. 106, 99 N. Y. Supp. 678, Ingraham, J., writing for the court, says:

"There is no fact alleged upon which the alleged indebtedness of the defendant to McManus is based. There is simply an allegation that the defendant was indebted to McManus for money had and received by the defendant from McManus; and the question is whether or not that allegation is a statement of a fact upon which a liability can be based. An allegation of indebtedness is not an allegation of a fact, but of a conclusion of law, which is not admitted by a demurrer, and, therefore, is insufficient to sustain a cause of action. The complaint must set up 'a plain and concise statement of the facts constituting each cause of action.' Code Civ. Proc. § 481, subd. 2. A conclusion of law is not the statement of a fact upon which a liability can be predicated. * * * The allegation is simply an allegation of indebtedness, and in the absence of a promise to repay, or facts from which such a promise can be inferred, no cause of action is alleged. Sampson v. Grand Rapids School Co., 55 App. Div. 163 [66 N. Y. Supp. 815]."

In the case at bar the allegation in plaintiff's complaint, that the "said defendant herein was duly indebted to said Katz & Kanter, Incorporated, in the sum of $500," has been repeatedly held to be a conclusion of law, and not a statement of fact. It is true, as said in

Muller v. Kling, 149 App. Div. 176, 133 N. Y. Supp. 614, it is well settled that a draft drawn upon the general credit of the drawer with the drawee does not operate to assign a particular account or fund, even though one is indicated, to which the draft is to be charged or out of which the drawee is to reimburse himself as the case may be. But the facts in the case at bar are entirely different from the facts stated in the case of Muller v. Kling, supra. In that case. the draft was drawn and accepted without specifying any fund or account out of which it should be paid; but as the draft accepted in the case at bar was payable only for work to be performed on the contract, and as the same was to be deducted out of the last payment for the Fourteenth street job, and as it is specified that it must be paid out of the last payment when the contract work was completed by the contractor, and no facts having been alleged in the complaint that the work was completed and that the sum was due, the plaintiff has failed to allege or prove a cause of action.

Motion for a new trial must therefore be denied. Submit order.