### GROSHUT v. KINETOPHOTE CORPORATION.

(Supreme Court, Appellate Term, First Department. June 23, 1915.)

PLEADING ☞8—CONCLUSIONS OF PLEADER.

 A counterclaim, wherein it was averred that plaintiff was indebted to ·a third person for services rendered for plaintiff in connection with motion pictures, no part of which had been paid, and which had been assigned to defendant, does not state a cause of. action, merely setting up the conclusions of the pleader, for it does not show plaintiff's request for the rendition of the services, his acceptance, or even that he was aware that they were rendered.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. ☞8.]

Appeal from City Court of New York, Trial Term.

Action by J. Charles Groshut against the Kinetophote Corporation. From a judgment for plaintiff, allowing defendant's counterclaim, plaintiff appeals. Reversed and remanded.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Tobias A. Keppler, of New York City (Sidney V. Hirsh, of New York City, of counsel), for appellant.

Franklin Bien, of New York City, for respondent.

BIJUR, J. The complaint sets forth two causes of action for an aggregate of some $900. The answer, after certain denials, sets up an alleged counterclaim for $800. When the case was reached for trial, plaintiff, who had not replied to the counterclaim, urged that it be disregarded or dismissed, on the ground that it did not state a cause of action, and defendant, for the purposes of the motion, conceded the plaintiff's cause of action. The learned judge below, being of opinion that the counterclaim was well pleaded, gave judgment for the plaintiff for the difference, and plaintiff appeals from this judgment.

The counterclaim, so far as material, is as follows:

"That prior to the times alleged in the complaint herein plaintiff was indebted to one Lederer in the sum of $800 for services rendered by the said Lederer for the plaintiff in connection with certain motion pictures, * * *

no part of which said sum has since been paid, and the whole amount thereof is justly due and owing by the plaintiff herein," and that Lederer had assigned his claim to defendant.

The counterclaim states merely the conclusions of the pleader, to the effect that plaintiff was indebted to Lederer for services rendered by the latter for plaintiff. Whether he was so indebted was a question of fact or law, or both, to be determined on presentation of the facts upon which the conclusion is based. It is not, even in the most liberal construction of the pleading, even intimated that plaintiff requested the rendition of the services by Lederer, or accepted the services, nor even that he was aware of their rendition. Although the citation of authorities on this proposition is superfluous, Tate v. American Woolen Co., 114 App. Div. 106, 99 N. Y. Supp. 678, Sampson v. Grand Rapids Co., 55 App. Div. 163, 66 N. Y. Supp. 815, and Nealis v. Marks, 96 N. Y. Supp. 740, may be referred to.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event, with leave, however, to defendant to serve an amended answer, if he be so advised, within six days after service of a copy of the order entered hereon in the City Court and payment to plaintiff of costs of the action to date. All concur.