SARACHAN & ROSENTHAL, INC., Plaintiff, *v.* J. R. BULL & CO., INC., Defendant.

Supreme Court, Monroe County, June 11, 1926.

Pleadings — counterclaim — action on trade acceptance for goods sold and delivered — counterclaim " defendant was informed " that consignee had deducted sum of money for inferior material does not state cause of action — plaintiff entitled to judgment on pleadings under Rules of Civil Practice, rule 113.

In an action on a trade acceptance for goods sold and delivered, defendant's counterclaim reciting that the " defendant was informed " that a consignee of goods which had been purchased of plaintiff had deducted a sum of money for inferior material does not state a cause of action, for it is not equivalent to the statement that the material purchased was defective; plaintiff, therefore, is entitled to judgment on the pleadings under rule 113 of the Rules of Civil Practice, since the defendant's affidavit upon said motion fails to show its right to go to trial on any issue of fact.

MOTION for judgment on the pleadings.

*Wile, Oviatt & Gilman,* for the plaintiff.

*Morrison H. Paley,* for the defendant.

RODENBECK, J.  The defendant had the right to examine the goods but was required to do so within a reasonable time.  (Pers. Prop. Law, § 128, added by Laws of 1911, chap. 571.)  This it evidently did not do.  The contract was made in December, 1924. The defendant paid ninety per cent and gave a trade acceptance

for the balance which was accepted March 25, 1925, and was payable April 24, 1925. The denials in the answer are not sustained in its affidavit. It sold the goods to a foreign customer without any int'mation of non-acceptance (Pers. Prop. Law, § 129, added by Laws of 1911, chap. 571) and gave no notice of any breach within a reasonable time after it ought to have known of such breach. (Pers. Prop. Law, § 130, added by Laws of 1911, chap. 571.) A counterclaim that the " defendant was informed " that a consignee of goods which had been purchased of plaintiff had deducted a sum for inferior material is not equivalent to a statement that the material purchased was defective and does not state a cause of action. The counterclaim for $36.31 falls with the claim for damages. An allegation of indebtedness is not an allegation of fact. (*Tate* v. *American Woolen Co.*, 114 App. Div. 106.) The defendant was called upon to justify its defense and has failed to do so. It has not shown its right to go to trial upon any issue of fact. It is too late in making its claim and has lost its right to defend. (*Goodman & Suss* v. *Wallack*, 195 N. Y. Supp. 328; *Hoof* v. *John Hunter Corp.*, 193 id. 91.) Motion granted, with ten dollars costs. So ordered.