Francis J. Donovan, J.
Two motions were made after the plaintiff concluded his case; the first is to dismiss the complaint; the second is a cross motion for leave to amend the complaint and reopen the case.
The proof consisted of the testimony of plaintiff himself, and substantially follows the allegations of the complaint. For all practical purposes, the matters to be discussed on the motion to dismiss for failure to prove sufficient facts are the same as those involved in considering the sufficiency of the complaint itself.
The complaint alleges in substance that at various times during the years 1958, 1959 and 1960, defendant engaged plaintiff, a plumbing and heating subcontractor, to supply items of work, labor and services in connection with buildings being constructed by the defendant. These jobs are enumerated by reference to invoice number, date, job location and dollar amount in Exhibit A annexed to the complaint. Exhibit B annexed to the complaint is a list of dates with dollar amounts paid from time to time by the defendant to the plaintiff. Plaintiff goes on to allege that an open account was maintained between the parties, and that on June 1,1960, plaintiff rendered a statement to the defendant showing a balance of $2,167. Then objection was made by the defendant, whereupon plaintiff rechecked his records and found an error of $190 in the balance previously stated. He then prays for a judgment for $1,980, the unpaid balance on the account.
Superficially, the complaint is analogous to a complaint in an action on an account stated. However, plaintiff concedes that he is not suing on an account stated.
No action for work, labor and services is alleged; critical items essential to such an action are missing. The complaint does not state whether the amounts indicated on Exhibit A are based upon reasonable value of work performed or agreed value. On the trial, plaintiff stated that some of the jobs were on the basis of reasonable value and some for agreed value, but never was there any specification as to which basis was applicable to any of the specific jobs. There is no allegation, nor was there any proof as to the items of work involved in any of the jobs, nor was there allegation or proof that the work called for by these contracts was performed either fully or substantially. In the absence of such allegations, the complaint is insufficient to allege a cause of action for work, labor and services (Sparks v. Ducas, 123 App. Div. 507).
Section 255-a of the Civil Practice Act does not help plaintiff because the complaint, is unverified. Even a verified complaint *264 would not suffice, because of the absence of critical allegations. The schedules annexed do not contain the necessary detail (Innis, Pearce & Co. v. G. H. Poppenberg, Inc., 213 App. Div. 789).
In opposition to the motion to dismiss, plaintiff files a memorandum in which he states, “ The complaint states a cause of action for an open or book account.” The action on a book account is purely statutory, and there is no New York statute authorizing such an action. References may be found to such statutory action in the States of Vermont and Connecticut (1 C. J. S., Account, Action On, § 24). Furthermore, no book or other formal account was kept concerning the transactions in suit. Copies of the schedules annexed to the complaint were received in evidence. However, they were not received as evidence in and of themselves, but purely for the purpose of assisting the court in correlating any evidence otherwise submitted by the plaintiff.
The court is well aware of the liberal policy of the law in regard to construing complaints so as to draw every fair intendment in favor of the pleading, and to avoid harsh results because of technical deficiencies. However, this policy can be pushed too far. It appears to me that the complaint was defective in this case because plaintiff had neither records nor the proof to establish a cause of action. It is significant that the list of invoices shows a billing for specific items of work, and in no instance does the list of invoices show any unpaid balance carried over as against this defendant during the several years in which the transactions took place. It may not be essential, but it is normal, in keeping an account, to add the unpaid balance when sending out current bills. The court is also impressed by the fact that no books or records of the business were submitted or offered in evidence upon the trial. The court can only conclude that none were offered because no proper books existed. Liberality in pleading should not be indulged to the extent that a defendant should have the burden of proof. The latter seems to be the tenor of the plaintiff’s argument.
The orthodox pleading covering a situation such as that presented in this case is for the pleader to set forth an action for work, labor and services. He may also set forth (if the facts substantiate it) an action on an account stated. Diligent research has uncovered no case which will permit the omission of any of the essential allegations necessary to support an action for work, labor and services by substituting an allegation that an open account had been maintained. If plaintiff were to sue on any one of the separate contracts covering individual installa *265 tions, he would have to prove the agreement to do the work, the price agreed upon, the nature of the work, and that the work was performed. It would be a very unjust law which would permit him to leave out such critical matters merely because he is suing on a cause of action involving two dozen such contracts. Plaintiff has neither alleged nor proven an action for an account stated, nor for work, labor and services (Johnson v. Tyng, 1 App. Div. 610). He may not succeed on a book account, for there is no such action in the State of New York. The pleader may generalize as suggested by the text writer (3 Carmody-Wait, New York Practice, p. 678), but he may not omit critical allegations as to price and performance. Therefore, defendant’s motion is granted and the complaint is dismissed.
While the court is not impressed by the merits of any cause of action in favor of the plaintiff, nevertheless, plaintiff’s difficulty on trial may have resulted from an assumption that the complaint was sufficient, and limiting himself to the introduction of evidence in support of that complaint. Under the circumstances, plaintiff is entitled to the benefit of subdivision b of section 109 of the Nassau County District Court Act, which provides in substance that the court must allow an amendment of a pleading to any stage of the ease, if substantial justice will be promoted thereby. Therefore, plaintiff’s cross motion is granted on the condition that he pay to the defendant a full bill of costs.